WILLIAM PAULSEN *and others v.* JAMES DALLETT *and others.*

Where a broker, under an employment to effect a sale of goods " to arrive," effects such a contingent sale, he is entitled to compensation for such service, notwithstanding the goods may never have arrived, and the sale never have been consummated.

A broker who performs services for another under a contract of employment, is entitled to recover compensation therefor, without proving any custom entitling him to a brokerage for like services.

APPEAL by the defendants from a judgment of the First District Court. The action was brought by plaintiffs who were brokers, to recover brokerage for affecting a sale of twenty thousand pounds of copper to arrive, at the request, and on the employment of the defendants. By the terms of the brokers' note of sale, the copper was to arrive during the month in which the sale was made. The copper not arriving during that month, the sale was canceled by the defendants and the purchasers.

The justice rendered judgment for the plaintiffs, and the defendants appealed.

*Benedict, Burr & Benedict,* for appellants.

*James L. Phelps,* for respondents.

BY THE COURT.—CARDOZO, J.—The statement in the case shows that the request of the defendants, and the undertaking of the plaintiffs, was that the latter should " effect a sale of copper to arrive." The parties, therefore, clearly did not contemplate an absolute sale, because it was to be of goods to arrive, which necessarily made the agreement a contingent one, dependent upon the arrival of the property. The plaintiffs fully performed all that they undertook; they " effected a sale of the copper to arrive;" and the question is, shall they, having done their whole

duty, be deprived of compensation because, without fault on their part, the event upon which the contingent agreement would become an absolute sale, did not take place. When the employment of a broker, as in this case, only calls for his effecting a contingent sale, and he makes such an one, there is no reason why he should not be paid. If his principals meant that he should share with them the chances of the property not arriving, they should have made that a part of their agreement.

But it is insisted that they cannot recover because there is no proof of custom to pay brokerage on such contracts as this. The English cases which are relied upon by the appellants were reviewed by Judge Daly in *Van Lien* v. *Byrnes* (1 Hilton, 134), and it was there shown that they were decided upon a custom proven in them, prevailing in the city of London, " by which nothing was to be allowed the broker unless the matter brought about by his instrumentality is completed," and it was therefore held, as Judge Daly said, " that the broker must recover according to the usage or not at all."

But that class of cases has no application where all that the broker by his contract or employment undertook to do, was performed by him. Besides, in the absence of any proof of custom not to pay in such instances as the present, as was held in *Van Lien* v. *Byrnes*, the plaintiffs were certainly entitled to recover for their labor, and the ordinary amount of brokerage was at least some evidence of the value of their services, and there being nothing to show that that sum was unreasonable, the justice's judgment upon the statement of facts submitted to him was correct, and should be affirmed, with costs.