JOHN W. MARTIN, Respondent, *v.* CHARLES A. SILLIMAN et al., Appellants.

An objection to the evidence of a witness, examined *de bene esse*, taken upon the examination, where it is not renewed and no objection is made upon the trial, is not available upon appeal.

Where a broker, who is employed to sell property at a given price and for an agreed commission, has opened a negotiation with a purchaser, and the principal, without terminating the agency or the negotiation so commenced, takes it into his own hands and concludes a sale for a less sum than the price fixed, the broker is entitled at least to a ratable proportion of the agreed commission.

Where an action is founded upon a claim for a sum liquidated and certain, upon which plaintiff is entitled to interest if entitled to recover at all, and the litigation is as to the right to recover, not as to the amount, the arbitrary reduction by the jury of the amount of the claim cannot either at law or in equity affect plaintiff's right to interest upon the amount actually recovered.

(Argued May 23, 1873 ; decided June 3, 1873.)

THIS was an action to recover a commission alleged to have been agreed upon for plaintiff's services in effecting a sale to the government of a steamer belonging to defendants.

Defendants agreed, in case plaintiff effected a sale of their vessel for $30,000, to pay him ten per cent commission; plaintiff procured an examination and recommendation from the proper government official for the purchase, the sale was then consummated by defendants, they selling the vessel nominally for $30,000, but paying the government agents out of that sum two and a half per cent. *Held,* that these facts entitled plaintiff to his commission; that if it be conceded that the vessel was sold for a less sum than that fixed, defendants having taken the negotiation commenced by plaintiff in their own hands, and having voluntarily reduced the price, plaintiff earned at least a ratable proportion of the agreed commission, but that the sale was in fact for $30,000, and the payment of a commission out of that sum to others did not affect plaintiff's claim.

The testimony of a witness for plaintiff was taken *de bene esse*; upon the examination a question was objected to and the answer received subject to the objection. Upon the reading of the deposition upon the trial, the objections were not renewed, nor was the admissibility of the evidence passed upon,—*held,* that the evidence could not be objected to upon appeal.

The jury found a verdict for $2,381.25 and interest. It was stipulated that if it should be finally held that plaintiff was entitled to interest, the court might add it to the verdict; the court added the interest. *Held,* no error; that plaintiff, if entitled to anything, was entitled to the full amount claimed, which being a sum liquidated and certain, he had a right to interest thereon; and the fact that the jury arbitrarily reduced his claim to the amount of the verdict did not, either at law or in equity, affect his right to interest upon the amount actually recovered.

*Samuel Hand* for the appellants.

*B. F. Mudgett* for the respondent.

ALLEN, J., reads for affirmance.
All concur.
Judgment affirmed.