THOMAS F. MASON, Respondent, v. NICHOLAS H. DECKER.
Appellant.

Where a purchaser signs and delivers to the seller an agreement to buy
personal property upon terms specified, and the latter agrees by parol
to sell upon the terms stated, there is a binding contract which may be
inforced against the purchaser.

The seller in such case may, upon tender of performance upon his part and demand of payment, and upon refusal of the purchaser to perform treat the property as belonging to defendant and may sue for and recover the price agreed to be paid.

He has the election either so to do or to sell the property as agent of the purchaser, apply the proceeds upon the purchase-price and recover the balance, if any, or he may retain the property, and recover as damages the difference between the contract-price and the market-price.

(Argued February 15, 1878; decided February 22, 1878.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was brought to recover the purchase-price of certain shares of stock alleged to have been purchased by defendant of plaintiff.

The facts appear sufficiently in the opinion.

*Samuel G. Courtney*, for appellant. As there was no mutual agreement between the parties when defendant executed the memorandum of contract it could not be inforced. (*U. and S. R. R. Co.* v. *Brinkerhoff*, 21 Wend., 141, 142; *Burnett* v. *Briscoe*, 4 J. R., 235, 236; *De Long* v *Baily*, 9 Wend., 337; *Livingston* v. *Rogers*, 1 Cai., 584, 585; *Cook* v. *Oxley*, 3 T. R., 653; Chitty on Con., 15, 16; Add. on Con., 26; Story on Con., § 381.) Plaintiff could only recover the amount actually lost by him. (*Dana* v. *Fidler*, 12 N. Y., 48; *Davis* v. *Shields*, 24 Wend., 322; Sedgw. on Dam. [3d ed.], 213, 219; *Nilson* v. *Martin*, 1 Den., 602; *Weaver* v. *Darby*, 42 Barb., 411; *Marshall* v. *N. Y. C. R. R. Co.*, 45 id., 502; *Braman* v. *Bingham*, 26 N. Y., 483; *Scott* v. *Rogers*, 31 id., 676; *Bridge* v. *Mason*, 45 Barb., 37; *Fishell* v. *Winans*, 38 id., 228 ; *Dustin* v. *McAndrew*, 10 Bosw., 130 ; *Devlin* v. *Pike*, 5 Daly, 85.)

*Wm. H. Scott*, for respondent. The agreement executed by defendant was valid and binding. (*McKnight* v. *Dunlap*,

5 N. Y., 537; *Boutwell* v. *O'Keefe,* 32 Barb, 434; *Sprague* v. *Blake,* 20 Wend., 61 ; *Justice* v. *Lang,* 42 N. Y., 493 ; 52 id., 323; Chitty on Con., 57, 58; *Comstock* v. *Smith,* 7 J. R., 87; *Chaffee* v. *Thomas,* 7 Cow., 358, 360, and note ; *Livingston* v. *Rogers,* 1 Cai., 585 ; *Seaman* v. *Seaman,* 12 Wend., 381 ; *Stuart* v. *Ahrenfeldt,* 4 Den., 189; *Russell* v. *Cook,* 3 Hill, 504; Add. on Con., 21; *Ex parte Lucy,* 21 E. C. L. & Eq., 199.)

EARL, J.   There was evidence tending to prove, and the jury must have found, the following facts:   In April, 1873, the plaintiff and defendant were stockholders in a corporation known as the New York Construction Company.   The plaintiff owned 143 shares, the par value of which was $14,300.   That corporation was in need of more funds, and a scheme was devised whereby each of the stockholders were to subscribe an instrument agreeing to furnish $7,000 and receive in payment certain bonds at fifty cents on the dollar. The plaintiff being reluctant or unwilling to subscribe the instrument, and the defendant being desirous that he should, for the purpose of inducing him to subscribe, the defendant agreed with him that if he would subscribe and pay the $7,000, and take the bonds, he, the defendant, would on or before the first day of July next ensuing take all the plaintiff's stock and the bonds, and pay him therefor what the stock and bonds had cost him, with interest.   On the faith of this agreement the plaintiff subscribed the instrument, and he agreed to sell his stock and the bonds on the terms proposed by defendant.   The defendant subsequently took and paid for ten shares of the stock. Subsequently, the defendant being unwilling or reluctant to carry out his agreement, the parties met on the 30th day of June, 1873, and compromised or changed the April agreement, so that the defendant should be required to take only the stock, and then made an agreement, the terms of which were embodied in the following writing executed by the defendant and delivered to the plaintiff :

"I, N. H. Decker, of New York city, agree to buy of Thomas F. Mason, also of New York city, thirteen thousand three hundred ($13,300) dollars of the capital stock of the New York Construction Company of the city of New York, at cost and interest from the several dates on which the installments were paid in; to assume all the rights, benefits, obligations and liabilities arising therefrom, and to pay for the said stock on October 10, 1873, or at my option for the whole or any part, at any time previous thereto, with the understanding that as payments are made the stock shall be transferred subject to my order.

"Witness my hand the 30th day of June, 1873.

"N. H. DECKER.

At the same time the plaintiff agreed to sell his stock to the defendant upon the terms mentioned in this agreement. At a proper time the plaintiff requested performance on the part of the defendant, and tendered to him the stock. The defendant declined to take the stock, and then this action was commenced.

It is claimed on the part of the defendant that the plaintiff cannot recover on the last agreement because it was not mutual, and that there was no consideration expressed in the paper to make the agreement on the part of the defendant binding upon him, for the reason that there was no agreement to sell. But there was ample consideration for the last agreement. The defendant was released from the prior agreement, which had become binding upon him by the part performance thereof, and the plaintiff agreed to sell and deliver the shares at the time the defendant executed and delivered to him the paper. The agreement of the seller to sell need not be in the paper signed by the purchaser. If the purchaser signs an agreement to buy, and delivers it to the seller, and he agrees by parol to sell upon the terms mentioned in the paper signed by the purchaser, there is a binding agreement which can be inforced against the purchaser. (*Justice* v. *Lang*, 42 N. Y., 493; *S. C.*, 52 id., 323, and the opinion by Judge

ALLEN in the same case when a third time in this court, not reported.) The defendant was therefore bound to take this stock, and the only other important question is as to the amount of the recovery to which plaintiff was entitled in this action.

The plaintiff sued for and recovered the purchase-price. He tendered performance on his part, and demanded payment of the defendant. In such a case, it is too well-settled to be longer disputed that the plaintiff could treat the stock as belonging to the defendant, and sue for and recover the price agreed to be paid for it. (Sedgwick on Dam. [5th ed.], 333; 3 Parsons on Con. [5th ed.], 208; *Des Arts* v. *Leggett*, 16 N. Y., 582; *Dustan* v. *McAndrew*, 44 id., 72.) In this State, in such a case, the seller has the election to consider the property his own, the buyer having forfeited his rights under the contract, or as belonging to the buyer. In the former case his remedy is to sue the buyer for damages for not taking the property, and the measure of his damages is the difference between the contract-price and the market-price. In the latter case, he may have either of two remedies, to wit: He may sell the property, acting as the agent of the buyer, and apply the proceeds upon the purchase-price, and sue for and recover the balance, if any; or he may sue for and recover the purchase-price. These two remedies are both based upon the theory that the title to the property by the contract and tender and assent of the seller had become vested in the buyer.

This discussion disposes of the most important exceptions taken by the defendant upon the trial. We have carefully considered the other exceptions, and they present no error for which the judgment should be reversed.

The judgment should be affirmed, with costs.

All concur, except MILLER, J., not voting; ALLEN, J., concurring in result.

Judgment affirmed.