## SHIPMAN *v.* FRECH.

(*City Court of New York, General Term.* May 28, 1888.)

1. PRINCIPAL AND AGENT—REAL-ESTATE BROKERS—RIGHT TO COMMISSIONS.
    Where a real-estate broker directs a purchaser to property left with him for sale, and brings the purchaser and owner together, and a sale is subsequently made by the owner, the broker is entitled to the commissions, although, after accepting the purchaser, the owner receives an increased price in consideration of an increased loan by the purchaser on the property.[1]

2. SAME—ACTION FOR COMMISSIONS—PROOF OF AGENCY—ADMISSIONS OF PRINCIPAL.
    In an action by a broker for commissions on the sale of land, where another broker, claiming the same commissions, is substituted for the original defendant, the commissions having been paid into court by him, the declarations of the principal after the sale that plaintiff was entitled to the commissions, and he would pay them but for the claim of the other broker, being against the principal's interest, are admissible in evidence as an admission or adoption of plaintiff's acts of agency.

3. SAME—ACTION FOR COMMISSIONS—EVIDENCE.
    In an action by a broker for commissions on the sale of land, where another broker claiming the same commissions is substituted as defendant for the principal, he having paid the commissions into court, the principal's statements to one of the brokers in the other's absence that the absent broker had no authority to sell the land with a builder's loan, is properly excluded.

Appeal from trial term.

This action was originally brought by Hamilton W. Shipman against William H. Scott, to recover the sum of $710, as commissions upon the sale of certain real estate belonging to him. Subsequently, by an order of interpleader, Theodore W. Frech was substituted as defendant, and the money deposited in court, Mr. Frech also having laid claim to such commissions. Scott placed certain lots, of which he was joint owner with one Sterne, in the hands of Shipman for sale. Shipman obtained an offer of $70,000 from S. J. Doying, provided he could get a buiders's loan of $50,000. Shipman reported the offer to Scott, who said he thought he would take it, but he must see Sterne. After seeing Sterne he told Shipman that he would accept Doying as the purchaser. Subsequently, and before any contract to purchase was executed, Frech told Scott that he could get a better offer from Doying,—$71,000 for the lots, if he could make the loan $55,000, and that he could get John C. Shaw to guaranty the contract. The sale was finally effected upon these terms. At the trial, plaintiff testified against objection, (folio 63, referred to in the opinion) that Scott said to him, when he called on him after the contract was signed in regard to his commission: "I think you are entitled to it, and I would be very glad to pay it, but there is another man who is trying to ring

---

[1] Respecting the rights of real-estate brokers, and when their commissions are earned, see Jarvis v. Schaefer, (N. Y.) 11 N. E. Rep. 634; Robinson v. Kindley, (Kan.) 12 Pac. Rep. 587; Ratts v. Shepherd, (Kan.) 14 Pac. Rep. 496; Zeimer v. Antisell, (Cal.) 17 Pac. Rep. 642.

in there, and claims a commission. I don't want to pay two commissions in the matter." The court excluded evidence of the statement of Scott to Frech made in Shipman's absence, that he had not authorized Shipman to sell the property with a builder's loan, (folio 92, referred to in the opinion.) Plaintiff having had a verdict in his favor, the defendant, Frech, appealed from the judgment entered thereon, and from an order refusing a new trial.

Argued before NEHRBAS, McGOWN, and PITSHKE, JJ.

*E. J. Myers* and *John C. Shaw*, for appellant. *P. Van Alstine*, for respondent.

PITSHKE, J. This was not a case of a claim by plaintiff against the defendant, but a case of two "claims," one by plaintiff and one by defendant, against the same fund, brought into court on an interpleader application herein. The plaintiff seems to have first found and mentioned S. J. Doying as a desiring applicant for the premises on sale; and if plaintiff directed the buyer to the property, and that led to negotiations, and thereby the minds of the seller and proposed buyer were induced to meet on the subject, resulting in a "sale," plaintiff was the "procuring cause" of the transaction, and entitled to the commissions. *Smith* v. *McGovern*, 65 N. Y. 575, and cases cited. The guaranty was not deemed essential, but is taken along with the bargain as thrown in; and hence, Shipman was plainly the "first on the field," and inferably the "procuring cause" of the sale as had. Scott informed Shipman that, having seen Sterne, he accepted Doying as purchaser, and between Scott, Shipman, and Doying the contract signing was agreed on before April 13, 1886. On the other hand, the loan was not mentioned by Scott to defendant, Frech, and the latter did not commence conversing about any loan till near the end of April; whereas Shipman offered the lots with a loan as early as April 9th. And indeed, prior to Frech's ever seeing the owner of the property, Shipman saw the proposed purchaser; and it was the latter that really informed Frech that plaintiff Shipman had already been there and offered these lots, with a loan. Therefore, the negotiations being thus begun and consummated to a meeting of the minds of Scott and Doying, without Frech's agency, the latter's mere contributing by talk, etc., towards the consummation, gave Frech no right to commissions upon the sale finally effected. *Briggs* v. *Rowe*, 1 Abb. Dec. 189. The verdict of the jury that way against Frech, was, hence, upon good foundation, and should not be disturbed. The issue—who acted as the "broker" in negotiating with and procuring the eventual purchaser—was a disputed question of fact for the jury. *Thornal* v. *Pitt*, 58 N. Y. 683. It is clear, also, that the owner put the property into Shipman's hands for sale, and that such owner never specially authorized Frech to sell. That the owner, after "accepting" the purchaser, agreed later with the latter to make the price a higher figure, in consideration of a higher amount of loan accorded, and that such became the even trial shape of the contest between them, does not abridge the plaintiff's right against the vendor to the commissions for finding that purchaser. *Martin* v. *Silliman*, 53 N. Y. 615.

The statement expressed at folio 63, (though not part of any *res gestæ*,) was an admission and ratification or adoption by the principal (the seller) of Shipman's acts as an agency for such principal; and the plaintiff was entitled to have that testimony go before the jury; for the plaintiff had yet the same rights as regards testimony proper for the jury, as if the owner still remained the defendant, and no interpleader had been ordered. The plaintiff cannot lose any rights by the owner's withdrawal from the suit. The admission was proper evidence, if the owner were still defendant. It was against the declarant's interest, and so admissible. The decisions on *res gestæ* are inapplicable, since, as above said, this was, at the trial, not a case of the plaintiff against this defendant, but one of several claimants *contra* a fund in court, both of them as agents for the same principal. Though both agents through

the same principal, they are strangers to one another, and their interpleader, herein, was improper.[1] See, *Vosburgh* v. *Huntington*, 15 Abb. Pr. 257, 258. Defendant is not a vendor or vendee, grantor or grantee, or assignor or assignee; nor did he contract with the plaintiff. They were strangers to each other. No transaction occurred between or for them together. The statement excluded at folio 92 was not one made in the presence of the agent referred to therein, and would not be binding on Shipman,—the absent agent concerned. It was the speaker's statement (not under oath) about another (absent) person. That would not be evidence. Theremarks admitted at folio 63 were against the speaker himself, and were therefore good evidence against him in plaintiff's (Shipman's) favor. There was a conflict of evidence; and the whole matter between plaintiff and defendant was a question of fact properly left to the jury, and its verdict thereon should not be disturbed. Defendants motion to direct a new trial was properly denied, and the order thereon, and the judgment on the verdict, must be affirmed with costs.

NEHRBAS and McGOWN, JJ., concurred.

---

[1] The general term of the New York court of common pleas held that the order of interpleader was properly made in this case. *Shipman* v. *Scott*, 12 Civil Proc. R. 109.