JENNIE B. DEWEY, RESPONDENT, *v.* CALVIN P. BROWN, APPELLANT.

*Commissions upon sales — what sales are covered by a contract therefor.*

In an action brought to recover commissions upon sales it appeared that, on November 20, 1886, a verbal contract was made between one Dewey and the defendant, whereby Dewey agreed to sell wheels for the defendant during a trip which the former then contemplated making in Michigan and elsewhere, upon which sales made, or orders taken by him therefor, a commission of five per cent was to be paid by the defendant. After his return from this trip, on the 27th day of December, 1886, Dewey, at the request of the defendant, wrote to various persons and companies soliciting further orders for wheels, to be furnished as they should be wanted during the year 1887. In response to which letters orders were received and sales were made.

*Held,* that Dewey was entitled to commissions as well upon sales made, in response to his letters, as upon those sales which had been made upon his personal application during his trip.

APPEAL by the defendant Calvin P. Brown from a judgment of the Supreme Court, entered in the Ontario county clerk's office on the 8th day of May, 1890, upon the report of a referee.

*E. M. Morse,* for the appellant.

*Edwin T. Hicks,* for the respondent.

MACOMBER, J. :

This action was brought to recover commissions upon sales made by the plaintiff's assignor, Albert L. Dewey, in behalf of the defendant, in the months of November and December, 1886, in the States of Ohio and Michigan.

The defendant is the proprietor of a manufacturing establishment known as the Shortsville Wheel Company. On the 20th of Novem-

ber, 1886, a verbal contract was made between Albert L. Dewey, the plaintiff's assignor, and the defendant, whereby Dewey agreed to sell wheels for the defendant during a trip which he then contemplated in Michigan and elsewhere. The compensation secured by this agreement to Dewey on all sales made, or orders taken by him, was a commission of five per cent, being the sum ordinarily allowed for such services by the defendant and other manufacturers.

After his return from a canvassing trip in the States of Ohio and Michigan, and on the 27th day of December, 1886, Dewey, at the request of the defendant, wrote to various persons and companies soliciting further orders for wheels, to be filled as they should be wanted during the year 1887.

The referee has found, upon adequate testimony, that, while the agent was in these States, and between November 20 and December 27, 1886, he took orders for wheels for the defendant of the persons, corporations and firms named in the report. In response to such letters written by Dewey, after his return home, orders were sent in from some of such persons so addressed; and the total sales made by the defendant upon such orders were $12,083.54, five per cent of which would be $604.18. There remained unpaid to the plaintiff's assignor of these moneys the amount stated in the report.

The principal litigation turns upon the question, whether or not Albert L. Dewey was entitled to commissions on these particular orders so procured at least in part by letter. The contention in behalf of the appellant is that he is entitled only to commissions upon such sales as he effected while personally in Ohio and Michigan, and not on sales which resulted from letters which he wrote after his return home. The defendant, though availing himself of the profits of such orders given in response to Dewey's letters, seeks to avoid liability upon the ground that Dewey's services ceased upon his return home as an agent traveling upon commissions, and that he was engaged merely in clerical work for the accommodation of the defendant in writing these letters. But the defendant has failed to show any new employment of Dewey. After the latter's return home the interview and consultation between the employer and employee were in harmony with the original contract and supplemental thereto. We are unable to discover any reason why the commissions of the agent should be limited to the orders personally

received by him while away from home. For aught that appears the soliciting letters, written after his return from his western trip, were but a continuation of his efforts to secure sales, though sent at the special instance of the defendant. It is not perceived that the orders so sent in were different in character from those the agent had personally received.

It follows, therefore, that when the sales made by the defendant resulted from such efforts of his agent the percentage contracted for was due and payable. Alike in the case of personal solicitation, and by written communication, the purchaser and the seller were brought together and the contract resulted to the advantage of the seller, upon which the percentage contracted for is to be reckoned. There remains nothing more to be done in the sales thus effected than in cases of orders which were personally received by the agent while traveling. In either case the manufacturer had the right to reject the order if it contemplated a credit with which he was not satisfied. But where the minds of the parties, seller and buyer, are brought together by the acts of the agent which are the proximate cause of the sale, the commissions provided for by the contract are recoverable. (*Sussdorff* v. *Schmidt*, 55 N. Y., 319; *Martin* v. *Silliman*, 53 id., 615; *Lloyd* v. *Mathews*, 51 id., 124.)

The learned referee has, with great discrimination, rejected all claims made by the plaintiff's assignor which were not clearly brought within the terms of the original contract.

The judgment appealed from should be affirmed.

DWIGHT, P. J., and CORLETT, J., concurred.

Judgment appealed from affirmed.