By the Court.—Freedman, P. J.
This action was brought by the plaintiffs as real estate brokers to recover compensation for services alleged to have been performed for defendant in pursuance of a certain employment. All questions relating to the fact of the employment, the nature and terms of the employment, the performance of the contract of employment, and the rate of compensation, were submitted to the jury. The verdict was for the plaintiffs, and it should not be disturbed unless there was some error in the course of the trial which calls for reversal. There are numerous exceptions to the admission of evidence, the refusal to dismiss, the refusal to direct a verdict for the defendant, to the charge and the refusals to charge otherwise, but, on examination, they all appear, in so far as they involve any substantial point whatever, to relate to the same *128 question, namely, the sufficiency of the evidence upon the question of performance to carry the case to-the jury. If the evidence was insufficient for that purpose, the complaint should have been dismissed or a verdict directed for the defendant.
The complaint alleged an employment to procure a party or parties to lease the four lots of land of the defendant.
The answer admitted that plaintiffs applied to defendant for authority to offer on her behalf to the trustees of common schools for the Twelfth Ward of the city of New York, to lease to them the said lots upon some arrangement under which the defendant was to put up a building thereon, and that the defendant consented thereto.
Upon the trial the defendant admitted that plaintiffs were employed by her to procure a lease, and that they did procure the execution of the paper marked “plaintiffs’ exhibit No. 4 of May 7th, 1891,” and upon this appeal the counsel for the defendant, in his brief, expressly waives the point that the defendant was induced by false representations to sign the said paper, and also the further point that the plaintiffs impeded and delayed the defendant from beginning work on said building.
The paper referred to is an agreement executed under seal between the defendant as party of the first part, and the trustees of common schools for the Twelfth Ward of the city of New York, parties of the second part. It provides first for the erection, by the party of the first part, on the lots in question, of a building in accordance with certain plans to be approved by the superintendent of school buildings, and then concludes as follows, viz:
“ And the said party of the first part, for the consideration aforesaid, hereby further agrees that when the said building shall be so completed and approved of by the said superintendent of school buildings, she will *129 then make and execute a lease to the said parties of the second part, of the said building and lots of land, for the term of ten years, from the time of such completion and approval, and at annual rent therefor, to commence from that time, of eight thousand dollars and taxes, with the privilege to said parties of the second part of a renewal of said lease for an additional term of ten years, at the same annual rent and taxes, said lease and renewal to contain the usual fire clause.
“ And the said parties of the second part, for and in consideration of the foregoing agreement of the said party of the first part, hereby agree that if the said budding is so erected and completed, as above mentioned, and is approved of by the said superintendent of school buildings, they will then, on their part, execute the said lease.
“ In witness whereof, etc., etc.”
It thus appears that the plaintiffs, by their efforts, brought the parties together; that they procured a lessee ready and willing to take the premises as they had undertaken to do ; and that the meeting of the parties resulted in the execution of a contract under seal for the leasing of the premises. That was all the plaintiffs could do as brokers.
It was no part of their duty as brokers to see that the defendant put up the building or complied with the terms of the contract on her part, and hence the subsequent inability of the defendant to put up the building and the recission of the contract by the mutual consent of the parties in consequence of such inability, cannot be charged against the plaintiffs in the absence of an express agreement to the effect that they should have no compensation unless the contract between the parties was fully performed. Hodgkins v. Mead, 29 N. Y. State Rep., 671; Bach v. Emerich, 35 N. Y. Superior Ct. R., 548; Simonson v. Kissick, 4 Daly, 143; Glentworth v. Luther, 21 Barb., 145; Barnard v. Monnot, 1 Abb. Ct. App., 108.
*130 There having been no express agreement in this case that the plaintiff should have no compensation unless the contract between the defendant and the trustees was fully carried out, the trial judge properly refused to dismiss the complaint or to direct a verdict for the defendant, and the case was properly submitted to the jury.
The record discloses no exception which is tenable.
The judgment and order should be affirmed, with costs.
McAdam, J., concurred.