## BAER et al. v. KOCH.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. REVIEW ON APPEAL—CONFLICTING EVIDENCE.
   Where a verdict is sustained by sufficient evidence, it will not be disturbed because there was evidence on the trial from which the jury might well have found to the contrary.
2. REAL-ESTATE AGENT—COMMISSIONS—QUANTUM MERUIT.
   Where a real-estate broker employed to make a purchase is the procuring cause of such purchase, and there is no agreement respecting compensation, or to show that his services are gratuitous, the law implies a reasonable amount, or quantum meruit.
3. OPINION EVIDENCE—HYPOTHETICAL QUESTION.
   A hypothetical question which did not contain all the facts proved at the time it was put was properly excluded.

Appeal from trial term.

Action by Morris B. Baer and Morris B. Bronner, composing the firm of Morris B. Baer & Co., against Henry C. F. Koch. From a judgment for plaintiffs, entered on a verdict, and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Henry G. K. Heath, for appellant.
Miller & Miller, (Jacob F. Miller, of counsel,) for respondents.

BOOKSTAVER, J. The defendant, desiring to purchase some lots on 125th street, near Third avenue, in the city of New York, for the purpose of erecting a store, requested the plaintiffs to enter upon the work of finding suitable property. After considerable effort on their part, they reported that no such property could be obtained in the desired locality, and then suggested to the defendant the expediency of purchasing further west, on 125th street, near Lenox avenue, and they were then authorized to look in that neighborhood. They procured several pieces, among which was the property in question, which they reported to the defendant, with the terms on which it could be purchased. It appears from the evidence that the plaintiffs were the first persons to whom a price had been given, and a sale of this particular piece of property authorized; and the main question litigated on the

trial was whether, notwithstanding the plaintiffs submitted this offer to the defendant, they were the procuring cause of the purchase, or whether one Bennett, a real-estate broker, through one Mr. Hume, was the procuring cause of the purchase; and this question was the main one submitted to the jury by the court, which found a verdict in favor of the plaintiffs. A motion for a new trial upon the minutes was made and denied.

It is no doubt true, as contended by appellant, that in this action the burden of proof was upon the plaintiffs to establish their case, which from the verdict they successfully did, and, while the jury might well have found in favor of the defendant, yet the evidence abundantly sustains the conclusion at which they arrived, and we see no reason why it should be disturbed. But appellant contends that, notwithstanding this verdict, the plaintiffs should not recover, because they showed no express promise on the part of the defendant to pay the brokerage. But an employment for services involves an obligation to pay compensation therefor. In the absence of an agreement respecting the amount of compensation, or of anything to show that the services were merely gratuitous, (and our experience with real-estate brokers, as gathered from the many cases brought in the court, is that they never work gratuitously,) the law implies a reasonable amount,—a quantum meruit; but a quantum meruit, in this case, is the usual commission paid for such services. Levy v. Coogan, 9 N. Y. Supp. 534; Crombie v. Waldo, 17 N. Y. Supp. 373; Briggs v. Boyd, 56 N. Y. 289; Milliken v. Telegraph Co., 110 N. Y. 412, 18 N. E. Rep. 251; Sibbald v. Iron Co., 83 N. Y. 383. A broker employed to purchase property cannot properly act for the seller. His duties are to act in the interest of the purchaser, which is to procure the property at the lowest price possible. Hence the reason for the rule which prohibits the broker from recovering compensation from both parties, without their consent to his acting in the dual capacity. Dunlop v. Richards, 2 E. D. Smith, 181; Pierce v. Thomas, 4 E. D. Smith, 354. By attempting to act for both sides he loses his claim for commissions, and can enforce payment for neither one. Rice v. Wood, 113 Mass. 133; Farnsworth v. Hemmer, 1 Allen, 494; Walker v. Osgood, 98 Mass. 348; Bell v. McConnell, 37 Ohio St. 396; Capener v. Hogan, 40 Ohio St. 203. The broker for the purchaser, not being allowed to act for the seller, cannot lawfully claim compensation from the seller, and when he is entitled to compensation for his services, in such case, he must get it, if at all, from the purchaser, who authorized him to act, and for whom he did in fact act. Jarvis v. Schaefer, 105 N. Y. 293, 11 N. E. Rep. 634; Sussdorff v. Schmidt, 55 N. Y. 319. The testimony, both as to amount of commissions and the custom to pay them, was ample to sustain the verdict; and they were entitled to them, because, as found by the jury, they procured the property, and brought it to defendant's notice, at the price and upon the terms which the defendant accepted. The latter might have closed the contract when the plaintiffs first brought the property to his attention upon precisely the same terms that he ultimately paid. Mr. Bennett's efforts in the matter of reducing terms wholly failed, and his services were of no

practical avail to the defendant. Having employed the plaintiffs to procure the property for him, and they having done so, the defendant could not complete the purchase himself, and thus deprive the plaintiffs of their commissions. Paulsen v. Dallett, 2 Daly, 40; Martin v. Silliman, 53 N. Y. 615; Fraser v. Wyckoff, 63 N. Y. 448; Lloyd v. Matthews, 51 N. Y. 124; Sibbald v. Iron Co., supra; Morgan v. Mason, 4 E. D. Smith, 636; Chilton v. Butler, 1 E. D. Smith, 150.

But appellant contends that the complaint should have been dismissed because the evidence shows that plaintiffs knew the property was wanted for the purpose of erecting thereon a store for the business of defendant's firm, and that his partner should have been joined in the action. But this question was left to the jury upon the evidence as to whether plaintiffs knew that fact or not; and their attention was sharply drawn to it by the charge of the court, and they have found upon the evidence in plaintiffs' favor upon that point, which is conclusive upon us, in the absence of passion, prejudice, fraud, or mistake, none of which appears in this case. It therefore only remains to examine the exceptions taken to the admission and exclusion of evidence, and to the court's charging as requested by the plaintiffs, and refusal to charge as requested by the defendant.

One of the plaintiffs, and one of his witnesses, were allowed to testify to certain conversations with persons other than parties to the action, and not in their presence. These questions were asked, not for the purpose of sustaining the main issues in the case, but simply by way of showing what the plaintiffs did in regard to procuring property for the defendant, and were admissible in order to determine the quantum meruit to which the plaintiffs were entitled. The objection as to conversations with Mr. Place was not well taken, as he was the agent for his wife, and acted for her as such agent throughout the negotiations. Nor can it be justly said that the plaintiff Baer, on the witness stand, misrepresented Mr. Place's ownership of the property. We think the testimony only went to show that he was acting as such agent. It was not error to exclude the question asked of Mr. Bennett, a witness called on behalf of the defendant, as to whether or not the Place property was upon the sale books of real-estate brokers in Harlem. That question was entirely immaterial to the determination of the issues in controversy in this action. Nor did it tend to contradict the efforts made by the plaintiffs to procure property. The hypothetical question put to Mr. Libby, a witness called on behalf of the defendant, was properly excluded, as it did not contain all of the facts which had been proved at that time. In short, we find no error in the admission or exclusion of evidence in this case which could by any possibility have injured the defendant, which must appear before we would be justified in reversing a judgment on this account.

The appellant requested the court to charge "that, in the absence of an express agreement on the sale of real property, the vendor pays the brokerage." It is quite true this is the general rule, as far as the vendor is concerned, when he employs a broker to sell for him; but the court properly qualified this request by saying, as it did: "That is,

upon a sale of it. This is a question of purchase,"—where, of course, the person desiring the purchase to be made, and employing a broker to procure it, is bound to pay for the services. As before shown, in the general discussion of the questions under consideration, it was quite proper for the court to charge that, "in the absence of any evidence to the contrary, the law would imply a promise to pay for services rendered; and the defendant has no right to expect that those services were gratuitous, unless from some affirmative action on the part of Mr. Baer." And the same is true of the further charge made by the court, to the effect: "If a party desiring to purchase property employs a broker to find property for him, he is under no obligation to pay, unless he consents to take the property which the broker offers; but, when he does take the property which the broker offers, his obligation is to pay, unless there is some arrangement that the compensation shall fall upon some other person."

We therefore think the judgment should be affirmed, with costs.

BISCHOFF, J., concurs.

PRYOR, J., (concurring.) The action is by brokers to recover compensation for negotiating a purchase of property on behalf of the defendant. By his answer, and a motion to dismiss, the defendant interposed the objection of a defect of parties, in that the employment of the plaintiffs, if any, was not by the defendant individually, but by the firm of Koch & Reisenberg. In point of fact, the employment, if any, was by the defendant, Koch, but, nevertheless, it may have been for and in behalf of the firm, in which event both members of the firm were necessary parties, provided Koch did not still engage himself only, or the plaintiffs were apprised that their employment was on account of the firm; for a member of a firm, acting for the firm, may so pledge his individual responsibility as to afford relief against himself alone, or, by failure to disclose the joint interest, may subject himself to a several action. Noe v. Christie, 51 N. Y. 270; Cookingham v. Lasher, *41 N. Y. 454, where it was ruled that "when a copartner makes a contract in his own name, without disclosing the partnership, when sued individually upon such contract, he cannot turn the plaintiff over to a litigation with a stranger." Upon the questions whether the defendant revealed the partnership at the time of the employment, and whether the plaintiffs were informed that they acted for the firm, the evidence was such as to authorize a verdict either way; and, the issues having been submitted to the jury on an unexceptional charge, we are not at liberty to gainsay their conclusion.

As to the employment of the plaintiffs. It appears that they were retained, in the first instance, to secure property in a specific locality; that suitable property in that locality was unattainable; that thereupon plaintiffs called defendant's attention to the property in question, and suggested its purchase; and that accordingly he did purchase it. Upon these facts it is clear, beyond doubt, that the defendant did, in legal effect, employ the plaintiffs to purchase the identical property; but, if

more be needed, it is supplied by evidence of authority to the plaintiffs to look for other property than that first contemplated.

The defendant resists the plaintiffs' claim upon the further ground that they were not the procuring cause of the purchase. But they proffered the property to the defendant for a given price, and he eventually bought for that price. True, he declined the purchase at first; and true, also, that another broker had directed his attention to the property. But at last, he accepted the terms tendered by the plaintiffs. Whether plaintiffs or the other broker were the procuring cause of the purchase was fairly presented to the jury by the court, and their verdict is conclusive of the controversy. The fact that, after the plaintiffs had presented an acceptable vendor, the defendant took charge of the negotiation, and concluded it on the terms offered by the plaintiff, is ineffectual to defeat their claim for compensation. Lloyd v. Matthews, 51 N. Y. 124; Martin v. Silliman, 53 N. Y. 615; Knapp v. Wallace, 41 N. Y. 477; Sibbald v. Iron Co., 83 N. Y. 378. It results, therefore, that, as the defendant employed the plaintiffs to make the purchase, their demand was upon him, and they had no claim against the vendor for services he had not engaged them to render.

Nor is it of the slightest effect on the validity of the plaintiffs' claim that the defendant never promised to pay them. Upon the rendition of services at the request and for the benefit of another, the law fastens upon him an obligation to pay their reasonable value, and adjudges the customary or market price to be that reasonable value.

Upon the issues discussed the evidence was conflicting; but, as they were submitted to the jury in a charge of the utmost fairness to the defendant, we repeat that it is not for us to disturb a verdict resting upon sufficient proof, and not, apparently, inconsistent with the interests of justice.