(6 Misc. Rep. 95.)

## MACKIE v. EGAN.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

1. CONTRACT OF SALE—PERFORMANCE BY SELLER.

Tender of delivery order for goods with bailee at the place of delivery is sufficient performance by vendor of his contract to maintain action for goods sold and delivered.

2. SAME—STATUTE OF FRAUDS.

Receipt and acceptance by vendee of part of goods sold takes the case out of the statute of frauds.

8. APPEAL FROM CITY COURT—REVIEW.

On appeal from judgment of city court the common pleas is confined to the correction of errors of law raised upon the record by proper exception.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Schuyler L. Mackie against Thomas D. Egan to recover the price of goods sold. From a judgment affirming a judgment entered on a verdict for plaintiff, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Robertsons & Harmon, for appellant.

A. G. N. Vermilya, for respondent.

PRYOR, J. The action is for goods sold and delivered upon a contract for 10,000 palms to be shipped from Florida and delivered in New York. Twenty-five hundred were received and paid for by the appellant. For the residue the plaintiff tendered a delivery order on the carrier company, by whom the goods were held in the city of New York. The defendant refused the order and the goods, and he resists the action upon the grounds that the contract was void because not in writing, that there was no delivery of the goods for the price of which the judgment is recovered, and that the contract was for shipment by another line of steamships than that by which the goods were brought. The judge instructed the jury that if the shipment was to have been by the other line, the verdict should be for the defendant. The appellant also insists that evidence of tender was inadmissible, on the ground that an allegation of performance is not supported by proof of excuse for nonperformance. In review of the judgments of the city court, we are confined to the correction of errors of law raised upon the record by proper exception; emphatically when, as in the present instance, the case does not purport to contain all the evidence. The verdict, therefore, concludes every question of fact in favor of the respondent. Sutter v. Vanderveer, 122 N. Y. 652, 654, 25 N. E. 907. The appellant impeaches the contract of sale because not in writing, but the receipt and acceptance of part of the goods was effectual to obviate the operation of the statute. Jackson v. Tupper, 101 N. Y. 515, 5 N. E. 65; Van Woert v. Railroad Co., 67 N. Y. 538. Appellant objects again that there was no delivery, but actual delivery is not necessary to sustain an action

for goods sold and delivered. It suffices that the vendor tender performance; and this the plaintiff did by offer of the delivery order. Mason v. Decker, 72 N. Y. 595; Dunham v. Pettee, 1 Daly, 112, 8 N. Y. 508; 2 Benj. Sales, (Corbin's Ed.) § 1044. The attempt to invalidate the tender upon the pretense that the palms were not then in the possession and control of the plaintiff is futile, because the verdict of the jury, on sufficient evidence, settles the fact to the contrary. Equally vain is the contention that the recovery is not secundum allegata. Tender does not excuse performance, but is performance itself. Citations supra. It results, not only that there was no error in refusing to dismiss the complaint, but also that the exceptions to the charge are nugatory. In view of the facts as determined by the verdict, the evidence challenged on the argument, if inadmissible, (which we do not concede,) could have been of no possible prejudice to the appellant. The law and the justice of the case are equally with the respondent. Judgment affirmed, with costs. All concur.