(9 Misc. Rep. 65.)

### BONWELL v. AULD.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

1. BROKERS—COMMISSIONS FROM BOTH PARTIES.
   A broker, acting as a mere middleman to bring the principals together, may bargain for a commission from both.

2. SAME—DOUBLE EMPLOYMENT—PLEADING.
   The defense of a double employment is unavailable, if not pleaded.

3. SAME—KNOWLEDGE OF PRINCIPAL.
   Employment by one principal, of a broker, with knowledge of his employment by the other, defeats the defense. 27 N. Y. Supp. 936, affirmed.

4. SAME—PROMISE TO PAY COMMISSIONS.
   So, likewise, a promise to pay by one principal, after knowledge of payment of a commission by the other, operates a waiver and ratification of the double employment.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Charles E. Bonwell against Thomas Auld to recover commissions for procuring an exchange of real estate. From a judgment of the city court (27 N. Y. Supp. 936) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Theo. H. Friend, for appellant.

Thomas J. L. McManus, for respondent.

PRYOR, J. The appellant asks us to reverse the judgment on the ground that the verdict is against the weight of evidence. Surely, he should know that, on appeals from the city court, we have

no jurisdiction to review the facts. Mackie v. Egan, 6 Misc. Rep. 95, 26 N. Y. Supp. 13. Besides, the certificate is that the case contains all the testimony, and it is settled by express adjudication that this is not equivalent to a statement that the case contains all the evidence. Hyman v. Friedman (Com. Pl. N. Y.) 18 N. Y. Supp. 446.

Conceding, for argument, that an allegation of indebtedness is only an averment of a legal conclusion, still, as the complaint credits the defendant with a partial payment of the $350 claimed, the plain implication is of an unpaid balance of the amount. Marie v. Garrison, 83 N. Y. 14. Hence, the motion to dismiss for insufficiency of the complaint was properly denied.

But it is said the plaintiff should have been nonsuited for insufficiency of evidence. The retainer of the plaintiff, and the rendition of the service, were clearly established, and the employment was to effect an exchange of defendant's property. The allegation was of a promise to pay $350 for the service, and so was the proof. Nor, since the service was rendered at plaintiff's request, was the contract without consideration. The law implied a promise to pay (Baer v. Koch, 2 Misc. Rep. 334, 340, 21 N. Y. Supp. 974), and defendant's express promise of a certain sum was evidence of the value of the service. Upon a complaint in special assumpsit a recovery can be had on a quantum meruit, unless the objection of variance be taken (Domschke v. Railroad Co. [Sup.] 26 N. Y. Supp. 840), and no such contention is disclosed in the record.

Again, the appellant argues that the plaintiff could not recover, because of his charging commissions against both the principals. But the defense was not pleaded. Duryee v. Lester, 75 N. Y. 442. The evidence is that defendant was informed of the fact, and assented to it. Rowe v. Stevens, 53 N. Y. 621. Moreover, it appears that the parties themselves negotiated the terms of exchange; and an agent may well act for both principals in a ministerial capacity, as middleman. Knauss v. Brewing Co., 142 N. Y. 70, 36 N. E. 867; Stewart v. Mather, 32 Wis. 355; Alexander v. University, 57 Ind. 478; Rupp v. Sampson, 16 Gray, 401. In any event, after knowledge of plaintiff's receipt of pay from the other party, the defendant, over and over again, promised his portion of the commission. Indeed, he actually paid something. A more complete ratification it is difficult to conceive.

The contention that a verdict for $345 is excessive, in face of the fact that the defendant repeatedly promised to pay $350, can hardly be complimented with the epithet of plausible.

On appeal from the city court, errors in evidence are not subject to revision by us, without appropriate exceptions. Schwinger v. Raymond, 105 N. Y. 648, 649, 11 N. E. 952. So far as we are permitted to examine the record, we perceive no error. Judgment affirmed, with costs. All concur.