ALBERT S. MOORE, Plaintiff, *v.* JOHN A. POTTER, Individually and as Receiver of THE AMERICAN LACE MANUFACTURING COMPANY, Defendant.

*Sale of merchandise to a corporation — refusal of its receiver to accept it — sale thereof by the vendor on account of the receiver without leave of the court, a contempt of court — action against the receiver to recover the deficiency, not maintainable.*

A receiver of a corporation refused to accept certain merchandise which the corporation had contracted to purchase, and the vendor sold such merchandise for the account of the receiver, crediting him with the amount of the sale, and, with the leave of the court, brought an action to charge the receiver with the difference between the contract price and the price for which such merchandise

sold; prior to the sale the vendor was served with an order of the court restraining all persons from interfering with the receiver's possession and control of the assets and property of the corporation.

*Held,* that the vendor could not, in violation of the terms of the injunction, proceed to advise the receiver that he would sell the merchandise on his account and sell the same without leave of the court, and thereby acquire a right as against the receiver;

That in so proceeding he was guilty of a contempt of court, and he could not, therefore, secure the aid of the court to enable him to reap the fruits of his contempt.

Parker, J., dissenting.

Motion by the defendant, John A. Potter, individually and as receiver of the American Lace Manufacturing Company, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon the verdict of a jury in favor of the plaintiff rendered by direction of the court after a trial at the New York Circuit on the 15th day of February, 1895.

The American Lace Manufacturing Company was under a contract to purchase from one Albert S. Moore a quantity of cotton yarn at an agreed price. Subsequent to the execution of this contract and prior to the performance thereof a receiver of the corporation was appointed, who informed the vendor that he could not receive the yarn under the contract, whereupon the vendor advised the receiver that he would sell the yarn for his account and hold him responsible for any loss. Prior to the sale the vendor was served with a copy of the order appointing the receiver, which order contained the usual clause restraining all persons from interfering with the receiver's possession and control of the assets and property of the corporation. The vendor nevertheless sold the goods at public auction, and credited the receiver with the amount of the sale, and then, with the leave of the court, brought an action to recover the difference between the contract price of the yarn and the price for which it was actually sold.

*R. Burnham Moffat,* for the plaintiff.

*Leopold Wallach,* for the defendant.

O'Brien, J.:

When the receiver refused to receive the yarn under the contract the plaintiff was at liberty to elect his remedy, which, it is conceded,

he did by regarding the property as that of the buyer and selling it for his account, crediting him with the amount of the sale and seeking in this action to charge him with the loss. It being the property, therefore, of the receiver, and the plaintiff having been served with the injunction prior to the sale, as the receiver was justified in doing, after having been notified of the election made by the seller, the latter could not, in violation of the terms of such injunction, proceed without leave of the court, and thereby acquire rights as against such receiver. Having been guilty of a contempt of court in his procedure, he cannot get the aid of the court to enable him to reap the fruits of his contempt.

The exceptions should be sustained and a new trial granted, with costs to the defendant to abide the event.

VAN BRUNT, P. J., concurred.

PARKER, J. (dissenting):

When the defendant Potter was appointed temporary receiver of the American Lace Manufacturing Company in proceedings had for a voluntary dissolution of the corporation, it was, and for some time prior had been, under contract to take from this plaintiff 10,100 pounds of cotton yarn at an agreed price of $2,020.

Three days after the appointment of the temporary receiver, in reply to a letter of inquiry from the plaintiff, the receiver responded that he could not receive the yarn under the contract. Later, plaintiff advised the receiver that he would sell the yarn for his account, and hold him for any loss that might ensue. Prior to the sale the plaintiff was served with a copy of the order appointing the temporary receiver, which order contained the usual clause restraining all persons from interfering with the receiver's possession and control of the assets and property of the corporation.

The plaintiff, nevertheless, advertised the goods for sale in several different publications, and a sale was had at public auction. A number of competing bidders were present and made bids, the property being finally struck down to a Mr. Whittemore, who had been sent to the sale by plaintiff for the purpose of buying the goods in.

The goods netted on the sale $1,247.70, leaving a deficit from the agreed price of $772.30. In due course the defendant Potter was appointed permanent receiver, and leave to bring an action against

him in that capacity for the deficit was applied for and granted. The result of the trial was the direction of a verdict in favor of the plaintiff for the amount of the deficit, with interest, aggregating the. sum of $826.60.

The only questions on this appeal are presented by the requests of defendant's counsel for the direction of a verdict " on the ground that this plaintiff was without any power, without the consent of the court, to sell this property ; that the plaintiff had no power.' Also, on the further ground that it appears the sale by Woodrow & Lewis was a collusive sale." As to the latter ground it may be dismissed with the remark that the evidence was not only insufficient to warrant the direction of a verdict in favor of the defendant, on the ground that the sale was collusive, but there was no evidence entitling defendant to go to the jury on that question.

From the defendant's argument on this appeal it is apparent that by the other ground of his motion he intended to insist that the title to the yarn sold was in the receiver of the American Lace Manufacturing Company, and that its sale by the plaintiff was, therefore, an interference with property in the possession of the court through its receiver, which constituted a contempt of court, and resulted in taking away from plaintiff the right to maintain this action to recover a sum justly due to him. We think it might well be held that this proposition was neither fairly nor at all presented to the court by the motion made. But if it be treated as being sufficient to raise the question, no error was committed by the court in denying the motion. His claim as to the title is, that the plaintiff, as the vendor of the yarn not delivered, had three remedies :

(1) To store the property for the vendee, and sue for the entire purchase price.

(2) To sell the property as the agent for the vendee, and recover the difference between the contract price and the price obtained on such resale.

(3) To keep the property as his own and recover the difference . between the market price at the time and place of delivery, and the contract price. ( *Van Brocklen* v. *Smeallie*, 140 N. Y. 70.)

The two first remedies are based upon the theory that the title to the property by the contract and tender and assent of the seller

becomes vested in the buyer. (*Mason* v. *Decker*, 72 N. Y. 595, 599.)

This, in a sense, is a legal fiction resorted to for the purpose of ascertaining the damages sustained by the vendor. The plaintiff adopted the second remedy.

Whether the sale of the property after the receiver had refused to receive it or have anything to do with it, under such circumstances as caused the title by operation of law to become vested in the buyer, constituted a technical contempt of court, need not be decided, for if it did, there is nothing in this record which entitles the defendant to defeat a recovery.

If the alleged contempt be a criminal contempt it involves no element of personal injury, and the punishment to be imposed by the court is for the purpose of asserting its own power and maintaining its own dignity. In a civil contempt, before punishment can be inflicted for the benefit of a party, it must appear that " a right or remedy of a party to a civil action or special proceeding pending in the court may be defeated, impaired, impeded or prejudiced." (Code Civ. Proc. § 14.)

Conviction for such an offense involves a judicial determination that the party's rights or remedies have in some way been defeated or impaired by the contemptuous act. Sections 2266 to 2292 prescribe the proceedings to be taken for the punishment of a contempt of court other than a criminal contempt.

The first-named section provides that in a case specified in section 14 of the Code " the offence must be punished as prescribed in this title."

It does not appear in this record that the orderly mode of establishing the guilt of the accused as provided by the Code, has been followed. Instead, the defendant shows what he claims to be a technical violation of the injunction order, and then insists that without further inquiry the plaintiff can be prevented from prosecuting a meritorious cause of action. That without showing that defendant's rights or remedies have at all been impaired or affected, the plaintiff should, in effect, be fined the amount due to him, which, in this case was the sum of $826.60.

Even if it should be conceded that an unadjudged contempt may be successfully pleaded as a defense to a common-law action on con-

tract, it would not avail the defendant because of his failure to establish the proof essential to make out the defense.

As I view it, the utmost that the pleadings or proof establish, is, that there was a technical violation of an order punishable as a criminal contempt, which does not constitute a matter of defense.

Defendant's exceptions should be overruled, and judgment ordered for plaintiff, with costs.