## OLPHERTS v. KELLY.

(City Court of New York, General Term. December 27, 1899.)

COUNTERCLAIM—PLEADING—EVIDENCE.
Where defendant admits the claim in a suit on a note, and sets up a counterclaim for services, board, and lodging furnished defendant at his request, but fails to prove the request, the counterclaim cannot be allowed.

Appeal from trial term.

Action by Richard F. Olpherts against Alice M. Kelly. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and O'DWYER, JJ.

Benjamin & Loeser, for appellant.

Max D. Steuer, for respondent.

SCHUCHMAN, J. The action is brought upon a promissory note for $100 made by the defendant, Alice M. Kelly, to the order of A. J. Barnes, and transferred by him to the plaintiff. The answer admits the claim set up in the complaint, and sets up a counterclaim, to wit, that, prior to the assignment of the note set up in the complaint, the defendant, at the special instance and request of said Barnes, gave and furnished to the said Barnes board and lodging from March 20 to April 10, 1899, and also that the defendant rendered services, at the like request of said Barnes, in nursing him, and otherwise taking care of him, which board, lodging, and services rendered were at least of the value of $100. At the trial the defendant took the affirmative, fully admitting the indebtedness of $100 on the note set up in the complaint. On the counterclaim the defendant held the affirmative. She nowhere proved that the board and lodging were furnished to said Barnes and the services were rendered to him at his request. The only proof there is in the case is that, when said Barnes left his lodging with her, she (the defendant) asked him, "How about that note?" and that said Barnes said, "Let it go for the board and lodging, and we will call it square." The note has not been delivered up. Barnes, however, absolutely denies that he said anything of that kind. No plea of payment or of accord and satisfaction is set up by the defendant, and Barnes said that he was invited to take lodging at her flat at her invitation, and as a guest, and this is not denied by the defendant, Kelly. We maintain that the defendant has not proved her counterclaim. She was bound to make out her case by a preponderance of evidence. She failed to substantiate her cause of action as set up in said counterclaim. The cases cited by the respondent, to wit, Baer v. Koch,

2 Misc. Rep. 334, 21 N. Y. Supp. 974, and Bonwell v. Auld, 9 Misc. Rep. 65, 29 N. Y. Supp. 15, are not applicable, because in both of them the real-estate broker who sued for compensation was retained or employed to render the services, and the court held that, having rendered the services, thereupon he was entitled to a quantum meruit; but in the case at bar there is no proof whatsoever that said Barnes requested the defendant, Kelly, to furnish him with board and lodging, and to render services at his request. For that reason, the motion made at the end of the trial for a dismissal of the counter-claim, and for the direction of judgment in favor of the plaintiff, made by the plaintiff's counsel, should have been granted. The proper exception has been taken thereto.

Judgment appealed from reversed, and a new trial granted, with costs and disbursements to the appellant to abide the event. All concur.