ship will not support an action in equity for an accounting, and that, accordingly, the action must be dismissed. This contention is sustained by the authorities. Smith v. Bodine, 74 N. Y. 30; Chaurant v. Maillard, 56 App. Div. 11, 67 N. Y. Supp. 345; McCullough v. Pence, 85 Hun, 271, 32 N. Y. Supp. 986; Skilton v. Payne, 18 Misc. Rep. 332, 42 N. Y. Supp. 111.

The position of the plaintiff, so far as the retention of the case for the purpose of awarding him legal relief is concerned, is precisely the same as in Skilton v. Payne, supra. Plaintiff has not asked for such retention. He stands upon his right to equitable relief, and, upon the authority of that case and the cases there cited, the complaint must be dismissed, with costs, but without prejudice to an action at law.

Complaint dismissed, with costs.

---

(35 Misc. Rep. 143.)

### BUTLER et al. v. HIRZEL et al.

(Supreme Court, Trial Term, New York County. May, 1901.)

SALE—DELIVERY—EVIDENCE.

In an action for goods sold and delivered, evidence that, under orders from the vendee, a common carrier refused a delivery attempted to be made to it by the vendor, and that the vendor then took the goods away and kept them, is insufficient to show delivery.

Action by Butler Bros. against Charles F. Hirzel and others. Complaint dismissed.

Baggott & Ryall (George Ryall, of counsel), for plaintiff.
Wells & Ruebsamen (Alfred J. Talley, of counsel), for defendants.

BLANCHARD, J. This action was brought to recover for goods sold and delivered. On the trial counsel agreed that the only question to be decided was whether, as a matter of law, there was a delivery of the goods in question, and each of them moved for a direction of a verdict, and the court reserved decision. It appears from the evidence in the case that an order in writing was given by defendants to the plaintiff "to ship on board the steamship Allianca, pier 57, North river, on or before the 6th day of October, 1900, goods marked and numbered as follows," etc. The goods designated on the order blanks were selected at defendants' place of business from a catalogue issued by plaintiff. The evidence is, and there is no dispute concerning it, that on October 6, 1900, the merchandise, packed in cases, was carted by plaintiff's carman to the pier from which the steamship Allianca ships, and its receipt was there refused by the steamship company under instructions from defendants, and these cases of merchandise were thereupon carted back to plaintiff's place of business by plaintiff's carman. Plaintiff claims that the offer of the goods at the steamship dock constituted a delivery sufficient for the maintenance of this action. The complaint is not founded upon a contract of purchase and sale, but is strictly in conformity with the common-law action of assumpsit on the count of goods sold and de-

livered, and it was upon this theory that the action was tried. Considering it, therefore, in this light, I have reached the conclusion that there was no delivery warranting a recovery in this action. A case in point is that of Hague v. Porter, 3 Hill, 141. The facts as set forth in the report of the case are as follows: There plaintiffs sued defendant "to recover the value of 100 lamps alleged to have been sold by the plaintiffs to the defendant. The declaration was for goods sold and delivered. Plea, non assumpsit. The defendant ordered of plaintiffs 100 lamps of a certain kind, to be made and delivered as soon as practicable. The price was agreed upon. After the lamps were completed according to directions, they were boxed up and sent by a carman to the defendant's store. The defendant refusing to receive the lamps, they were left on the sidewalk, and the present action was brought to recover the agreed price. The court below directed a nonsuit, on the ground that there was no proof of a delivery of the lamps. The plaintiffs excepted, and, after judgment, sued out a writ of error." Judge Cowen, in the opinion affirming the judgment of the court below, says:

"Here was no actual delivery and acceptance by the defendant below. The contract was executory, and he refused to receive. It was scarcely a case of goods bargained and sold. The count should, I apprehend, have been special, for refusing to accept. All the cases on this point were considered in Atkinson v. Bell, 2 Man. & R. 292, Id., 8 Barn. & C. 277, and the subject entirely exhausted. Indeed, the case itself is directly against the plaintiff in error."

More was done in that case to effect a delivery than in the case at bar. There the goods were left at the designated place of delivery. In the case at bar this was not attempted. The goods never left the possession of the plaintiff. They remained in the possession of plaintiff's carman, and were by him taken back to plaintiff's place of business, where they have since remained. Plaintiff has never lost dominion over them. The rule of law laid down in the case cited does not seem to have been questioned, so far as I have been able to ascertain, and none of the authorities called to my attention by counsel lays down a different rule. The case has not been overruled, but was cited with approval in Rodgers v. Phillips, 40 N. Y. 530, but on another point. The cases to which I am referred by counsel are not in point. While some of them treat of the subject of delivery, it is in other connections. As stated in the American note to Benj. Sales (7th Ed.) p. 718: "The word 'delivery' is unfortunately used in various senses, and to express various shades of meaning,"—and the enumeration of them then follows. My attention is called to some authorities, such as Mason v. Decker, 72 N. Y. 595, 28 Am. Rep. 190, and Mackie v. Egan, 6 Misc. Rep. 95, 26 N. Y. Supp. 13, where it has been held that a tender of delivery in conformity with the agreement of sale is sufficient to base an action for the purchase price. This is not an action brought to recover the agreed price of merchandise under an agreement of purchase and sale. It may be that had the action been brought in that form plaintiff would have been entitled to judgment. The opportunity to change the form of the action was afforded to plaintiff on the trial, but counsel chose to pro-

ceed under the existing form for goods sold and delivered. Under the submission as it is made to me, I must conclude that there was no proper delivery, and hence the defendants must have judgment dismissing the complaint, with costs. No extra allowance. Thirty days to make a case, and 30 days' stay of execution after entry and notice of judgment.

Complaint dismissed, with costs.