Per Curiam.

Plaintiff a stock brokerage firm, commenced this action to recover $506.81 representing the damages allegedly sustained by it on its sale of certain securities ordered by defendant and not paid for. The amount sought represents the difference between $25,375 purchase price of the securities bought by plaintiff for defendant’s account at defendant’s request and the $24,868.19 net price received by plaintiff when it sold the securities. Defendant does not deny ordering the securities at the price claimed but asserts that the transaction was to be on a C. O. D. basis with payment to be made for the securities only on their physical delivery to defendant or his bank. Scrutiny of the record reveals no express testimony by defendant that the purchase order he placed with plaintiff was conditioned upon the transaction being consummated on a 0. O. D. basis. Viewing defendant’s testimony and that of plaintiff’s witnesses as a whole, there appears at most to have been an understanding that plaintiff would try to accommodate defendant’s request, but that failing such accommodation the transaction would simply be a regular trade. There is no basis for a finding on this record, that plaintiff agreed to condition the^ transaction on a C. O. D. basis. Further, there was no proof óf^any^written objection by defendant to the confirmation sent to him'by .plaintiff, which confirmation did not indicate any special mannei'-of handling the sale. It is also clear that the securities purchased by plaintiff for defendant’s account were delivered by plaintiff todefendant within the ambit of section 8-313 (subd. [1], par. [c])of the Uniform *452 Commercial Code. “ The relation between the customer and the broker, after the execution of the customer’s order, became one of debtor and creditor as to the amount advanced by the broker, and the commissions, and pledgor and pledgee as to the stock itself ” (Pistell, Deans & Co. v. Obletz, 232 App. Div. 313, 316 [4th Dept., 1931]; 6 N. Y. Jur., Brokers, § 53). The general rule is that the title to securities purchased by a stockbroker vests immediately in the customer, whether the purchase is on margin or otherwise, notwithstanding the stock certificates are for convenience of transfer obtained by the broker in a “ street name ” (6 N. Y. Jur., supra). The broker under the circumstances herein had the remedy of reselling the stock and, having fully executed in connection with, the defendant’s purchase order, is generally regarded as making the resale as an agent for the defaulting buyer (see Mason v. Decker, 72 N. Y. 595, 599; Ann. 44 A. L. R. 358). Accordingly, the broker is entitled to recover as his damages the difference between the contract price and the net amount received on resale. In light of the Federal Reserve Board requirement of payment for shares within five days after the placement of the order (Code of Fed. Reg., tit. 12) and delivery having been made pursuant to section 8-313 (subd. [1], par. [c]) of the Uniform Commercial Code, the stockbroker on the resale of the securities on the open market is acting as agent for the defaulting purchaser and is impliedly authorized by such purchaser to make the resale for the latter’s account.
Plaintiff’s sale of the security on the open market at the best price obtainable was entirely proper since defendant’s tender of the full purchase price was a conditional tender requiring immediate, reciprocal delivery of the shares. This is not such an offer as puts plaintiff in the position of having failed to mitigate damages. The stockbroker’s commission on such resale is under these circumstances a proper charge against the defaulting purchaser.
The judgment should be reversed, with $30 costs, and judgment directed for plaintiff as prayed, for in the complaint, with costs.