GEORGE JACKSON et al., Respondents, *v.* HORACE D. TUPPER et al., Appellants.

A payment, to take an oral contract for the sale of goods, for the price of $50 or more, out of the statute of frauds, must be made at the time of the contract. (2 R. S. 136, § 3.) A payment subsequently made, although conforming to the oral agreement, is insufficient of itself to make the prior agreement valid; there must be additional proof sufficient to show that at the time of the payment, the terms of the prior oral contract were in the minds of the parties and were re-affirmed by them. In which case a cause of action arises not on the prior oral contract, but on the new agreement.

Such a prior void contract, however, may be validated by a subsequent receipt and acceptance, pursuant thereto, by the buyer, of the goods or a portion of them.

(Argued February 5, 1886 ; decided March 2, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 31, 1884, which denied a motion for a new trial, and directed judgment on a verdict.

This action was brought to recover damages for an alleged breach of warranty in a contract of sale.

The facts are stated in the case as follows:

The defendants, at West Troy, N. Y., on the 28th day of February, 1880, orally sold to the plaintiffs about eight hundred tons of ice, which was being cut at Round pond, near Glens Falls, N. Y., and agreed to place the same in a house which they warranted should be a good, substantial house, which should stand a year. The plaintiffs orally agreed to pay for said ice the sum of eighty cents a ton. No memorandum was made in writing of this contract, and no money was paid at that time. Sometime after this, said ice was received and accepted by the plaintiffs in said house built by the defendants. After this, about May 1, 1880, the plaintiffs gave the defendants $615, in full for said ice, by crediting said amount on an account Wight had against Tupper. When said credit was given nothing was said by either party about said contract or its terms. About May 10, 1880, the house fell. It was not properly constructed; it was neither good nor substantial; its defects were latent. They were not discovered by the plaintiffs before said house fell, and could not have been discovered by an inspection of the building before it fell. Its defects were known to the defendants. The plaintiffs suffered damages to the amount of $4,131. The complaint was ordered amended to demand as damages the amount proved. The defendants on the trial introduced no evidence.

At the close of the plaintiffs' case the defendants' counsel moved for a nonsuit on the following grounds:

*First.* That the contract, which the evidence proves the plaintiffs and defendants entered into on the 28th day of February, 1880, was for the sale of chattels of the value of more than $50, and not being in writing, the defendants are in no way liable for any breach of the terms of said contract.

*Second.* That the only binding contract of sale which was made of this ice was on the 1st day of May, 1880; up to that time there was no sale. Plaintiffs were not bound to accept and pay for the ice, and the defendants not bound to deliver it.

*Third.* That at the time of the sale, May 1, 1880, nothing was said as to the condition of the ice or house ; and no guarantee as to the length of time the house would stand was made by the defendants.

*Fourth.* That when said sale was made, defendants had been to see the ice, accepted and paid for it the sum of $615, and nothing was said by either party.

*Fifth.* When a payment, made after the contract is made, is relied on to take the contract out of the statute of frauds, the terms of the contract must be talked over or restated.

The motion was denied and the court directed a verdict for the plaintiffs for $4,131, subject to the opinion of the General Term; a verdict was rendered accordingly.

*N. P. Hinman* for appellants. The contract of February 28, 1880, was a contract of sale and not one of services. (*Smith* v. *N. Y. C. R. R. Co.*, 4 Keyes, 180 ; *Devens* v. *Rose*, 23 Wend. 270 ; *Allen* v. *Aquine*, 5 N. Y. Leg. Obs. 380 ; *Sprague* v. *Blackie*, 20 Wend. 61; *Brabin* v. *Hyde*, 32 N. Y. 519 ; CHURCH, Ch. J., 45 id. 148, 149 ; *Hunter* v. *Wetsell*, 57 id. 375 ; S. C., 549, 533 ; *Hallenbeck* v. *Cochran*, 20 Hun, 416.) As a legal proposition, the intent of the parties who attempt to make a contract is immaterial, and cannot be given in evidence or inferred unless communicated. (*Madden* v. *Benedict*, 20 N. Y. Weekly Dig. 30.) An acceptance to take a contract out of the statute of frauds must be in pursuance of the contract of sale, and with intent to take possession under it as owner. (*Brabin* v. *Hyde*, 32 N. Y. 519 ; *Cunningham* v. *Arkbrook*, 22 Mo. 354, 361 ; *Rickey* v. *Tenbroeck*, 63 id. 563 ; *Davis* v. *Eastman*, 1 Allen, 422, *Atherton* v. *Newhall*, 12 Mass. 141 ; *Van Woert* v. *A. & S. R. R.*, 67 N. Y. 538 ; *McKnight* v. *Dunlop*, 5 id. 537 ; *Stone* v. *Browning*, 68 id. 598 ; *Marsh* v. *Rowe*, 44 id. 643; *Shindler* v. *Houston*, 1 id. 261; *Caulkins* v. *Hellman*,

47 id. 449; *Townsend* v. *Hargraves*, 118 Mass. 333; *Alger* v. *Johnson*, 4 Hun, 412; *Hunter* v. *Wetsell*, 57 N. Y. 375; *Morrell* v. *Cooper*, 65 Barb. 516; *Harris* v. *Knickerbocker*, 5 Wend. 638; *Jervis* v. *Smith*, Hoff. Ch. 470; *Haight* v. *Childs*, 34 Barb. 186.) It is not necessary to plead the statute; the defendants can avail themselves of such a defense in any case where the facts proved by the plaintiffs warrant it. (*Livingston* v. *Smith*, 14 How. Pr. 490; *Alger* v. *Johnson*, 4 Hun, 412; *Blank* v. *Little*, 10 N. Y. Weekly Dig. 254; 4 E. D. Smith, 390.)

*G. B. Wellington* for respondents. The contract was taken out of the operation of the statute of frauds by the acceptance and receipt of the ice. (1 Stat. Law of N. Y. [Diossy's ed.] 607; *McKnight* v. *Dunlop*, 5 N. Y. 542; *Cross* v. *O'Donnell*, 44 id. 664; *Fitzimmons* v. *Woodruff*, 74 id. 621.) The delivery and the acceptance of the ice in the building, taking the contract out of the operation of the statute, rendered the whole of the original contract valid and binding, including the warranty, " this must then be treated as an executed sale with warranty." (*McKenzie* v. *Farrell*, 4 Bosw. 202; *Oneida Bk.* v. *Ontario Bk.*, 21 N. Y. 503; *Foot* v. *Bently*, 44 id. 171; *Day* v. *Pool*, 52 id. 416; *Conor* v. *Dempsey*, 49 id. 665.) Where a contract is admitted by an answer, its invalidity by reason of the statute of frauds must be pleaded. In this case it could not consistently be even pleaded, for delivery and acceptance are admitted. (*Marston* v. *Swett*, 66 N. Y. 206; *Duffy* v. *O'Donovan*, 46 id. 226; *Chapin* v. *Dobson*, 78 id. 82.) If it be found that a collateral agreement adds something to a contract of sale, and is, in fact, a collateral agreement, it may then be an express warranty, and thus survive delivery and acceptance. (*Gaylord Mfg. Co.* v. *Allen*, 53 N. Y. 519; *Reed* v. *Randall*, 29 id. 362.)

ANDREWS, J. It is conceded that the oral contract of February 28, 1880, for the sale and storage of the ice was when made, void under the statute of frauds. It must also be conceded under the decisions in this State, that it was not validated

by the payment made in May, 1880. By our statute, payment operates to take an oral contract for the sale of goods for the price of $50 or more out of the statute, only when it is made at the time of the contract. (2 R. S. 136, § 3.) The decisions have construed this provision of the statute with great strictness. (*Hunter* v. *Wetsell*, 57 N. Y. 375; *S. C.*, 84 id. 549; *Allis* v. *Read*, 45 id. 142.) It is in substance held that payment subsequently made, although conforming to the oral agreement, is insufficient of itself to make the prior oral agreement valid. There must be enough in addition to the act of payment to show, that the terms of the prior oral contract were then in the minds of the parties, and were reaffirmed by them, and this being shown, a cause of action arises, not on the prior oral contract but on the new contract made at the time of the payment. The plaintiffs did not bring their case within this principle. There was no restatement of the terms of the prior oral agreement when the payment of May 1, 1880, was made, and no express recognition thereof, nor was the payment made for the avowed purpose of binding the prior bargain. It is expressly found that nothing was said at the time by either party about the contract of February 28, 1880, or its terms. But a prior void contract may be validated by a subsequent receipt and acceptance by the buyer, pursuant thereto, of the goods, or part of them, which are the subject of the contract. (2 R. S. 136, § 3; *McKnight* v. *Dunlop*, 5 N. Y. 537.) Where this has been done the cause of action arises on the original oral agreement authenticated by the act of acceptance. There is no statute difficulty, as in the case of a subsequent payment, because the statute does not, as in that case, require that the acceptance must be at the time of the making of the oral agreement. It was found in this case that after the oral agreement of February 28, 1880, was made, "the said ice was received and accepted by the plaintiffs." It is impossible to construe the finding, except as referring to the ice which was the subject of the oral agreement of that date, and as referring to an acceptance thereunder. This relieved the contract from the ban of the statute. No question is presented as to the right of the

plaintiffs to the judgment recovered, assuming that the contract of February 28, 1880, was validated.

The judgment should be affirmed.

All concur.

Judgment affirmed.