## GEOGHEGAN v. KELLY.

*(Common Pleas of New York City and County, General Term.* December 1, 1890.)

FACTORS AND BROKERS—COMMISSIONS.

A broker, employed to sell a stock of goods and fixtures, procured a purchaser with whom the seller agreed on terms, and a contract of sale was reduced to writing, and signed by the seller, and part of the price was received and retained by him. *Held,* that the broker was entitled to his commission, though the buyer refused to carry out the contract.

Appeal from eighth district court.

Action by George Geoghegan against James Kelly for compensation agreed on for plaintiff's services as broker in negotiating a sale of defendant's stock of goods and fixtures. The purchaser procured by plaintiff, after agreeing with defendant on the terms of sale, and paying a deposit on account of the purchase money, refused to carry out the purchase, on the alleged ground that he feared there was some trick in the transaction, and that some advantage was intended to be taken of him, because the notes originally prepared for him to execute did not conform, as to time of payment, to the terms of the contract, although the mistake was promptly corrected. From a judgment for plaintiff, defendant appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Michael J. Mulqueen,* for appellant. *James F. Higgins,* for respondent.

PRYOR, J. Action to recover an agreed compensation of $125, for negotiating, as broker, a sale of defendant's stock and fixtures in the store No. 368 Tenth avenue, New York city. The employment of plaintiff by defendant for the purpose stated, and the agreement to pay the $125, were not controverted. And, by conclusive evidence, it was established that plaintiff brought to defendant a purchaser who was able and ready to pay the price demanded by the seller; that the buyer and seller agreed upon terms; that a contract of sale was reduced to writing and signed by defendant, the seller; and that $100, part payment of the purchase price, was received and retained by the seller. By all authorities this was sufficient to entitle plaintiff to compensation. *Sibbald* v. *Iron Co.,* 83 N. Y. 378, 382; *Smith* v. *McGovern,* 65 N. Y. 575; *Moses* v. *Bierling,* 31 N. Y. 462; *Wall* v. *Illuminating Co.,* 4 N. Y. Supp. 697. The fact that the carrying out of the contract was conditioned on the consent of the landlord and mortgagee, did not affect the completeness or validity of the agreement, but related only to the fulfillment of the contract; and that consent was duly obtained, so that no obstacle existed to the execution of the contract. True it is, that, subsequently to the part payment, the buyer refused to carry out the agreement; but that was no fault of plaintiff. The inadvertent error in the notes was promptly corrected. Defendant has his redress against the buyer on the contract, and, if more were needed to perfect plaintiff's right of action, that supplies it. *Barnes* v. *Roberts,* 5 Bosw. 73; *Glentworth* v. *Luther,* 21 Barb. 147; *Tombs* v. *Alexander,* 101 Mass. 255; *Hunter* v. *Wetsell,* 84 N. Y. 549; *Jackson* v. *Tupper,* 101 N. Y. 515, 5 N. E. Rep. 65; *Mason* v. *Decker,* 72 N. Y. 595. Judgment affirmed, with costs. All concur.