### PEOPLE v. OHLROGGE.

*(Common Pleas of New York City and County, General Term.* April 6, 1891.)

BAIL—FORFEITURE—JUDGMENT—VACATION.

After forfeiture of a recognizance of bail, the prisoner surrendered, was tried, convicted, and sentenced to pay a fine, which was paid, with all the sheriff's charges. *Held* that, on the certificate of the district attorney that the people had lost no rights, the judgment entered on the recognizance should be vacated.

Motion to vacate a judgment entered on a forfeited recognizance in favor of the people of the state of New York against Charles H. Ohlrogge and another.

Argued before DALY, C. J., and BISCHOFF, J.

*A. C. Hassey,* for the motion. *De Lancey Nicoll,* opposed.

PER CURIAM. As the prisoner surrendered himself after the forfeiture, and was tried, convicted, and sentenced to pay a fine, which has been paid, together with all the charges of the sheriff, and the district attorney certifies that the people have lost no rights, the application to vacate the judgment entered upon the forfeited recognizance should be granted.

---

### HATTENBACH v. GUNDERSHEIMER.

*(Common Pleas of New York City and County, General Term.* April 6, 1891.)

BROKERS—RIGHT TO COMMISSION.

Defendant agreed in writing to pay plaintiff, a broker, a commission "if he sells my bakery, or sends a party that does buy it." Plaintiff produced a purchaser, with whom defendant signed a contract of sale of the bakery, and accepted part payment from him; but by reason of defendant insisting that the purchaser should secure the lease of the premises, which was not a term of the contract, the sale was not completed. *Held,* that defendant was liable to plaintiff for his commission.

Appeal from seventh district court.

Action by Isaac Hattenbach against Charles Gundersheimer. Defendant appeals from a judgment for plaintiff.

Argued before BISCHOFF, P. J., and PRYOR, J.

*Herring & Meyer,* for appellant. *Langbein & Langbein,* for respondent.

PRYOR, J. The action is by the broker against the seller to recover a commission "of — per cent. of the selling price, if he sells my bakery, or sends a party that does buy it." Such, in terms, was the written stipulation of the defendant. The plaintiff produced a purchaser, who did buy, and to whom the defendant did sell, the bakery. The defendant signed the contract of sale, and accepted $100 in part payment, but afterwards refused to carry out the sale, unless the buyer would secure the lease on the premises. This was not a term of the contract, and by insisting on it the defendant was the cause of the miscarriage of the negotiations; but the plaintiff had already fulfilled his engagement by presenting a purchaser who did buy, and to whom defendant did sell, by an agreement obligatory on both parties. It was then too late for defendant to escape liability to plaintiff for his commissions. *Geoghegan* v. *Kelly,* 11 N. Y. Supp. 704. The judgment is affirmed.