(8 Misc. Rep. 261.)

BRIGGS v. JONES et al.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

PRINCIPAL AND AGENT—LIABILITY OF PRINCIPAL TO THIRD PERSONS.

> Where defendants delivered to their clerk, for return to plaintiff, securities held as collateral to a claim against plaintiff, and the clerk converted them to his own use, defendants are liable, though the clerk presented a forged check, which he stated was given by plaintiff to discharge his liability and release the securities.

Appeal from judgment on report of referee.

Action by Thomas J. Briggs against Nathaniel S. Jones, Francis J. Kennett, George R. Hopkins, and George Kirkland for conversion of shares of stock. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Wheeler H. Peckham, for appellants.

Frederick Seymour, for respondent.

BISCHOFF, J. This is an action for the conversion of 200 shares of stock, the property of the plaintiff, held by the defendants for the plaintiff's account in their capacity of stockbrokers. That error is predicable of the referee's findings of fact upon the evidence

is not, we think, to be successfully urged; and that the case in this aspect is accepted by the appellants seems to appear from the nature of their contention for a reversal. It appears that the stock in question was lost to the plaintiff when in the custody of the defendants as bailees, under the following circumstances: During the period covered by the plaintiff's transactions with the defendants' firm, there was in their employ one Thomas Stout, by whom the plaintiff's business was principally attended to. The stock which forms the subject of this action had been purchased by the firm for the plaintiff, the sum of $10,000 having been paid by him to them for such purpose, leaving a balance due the latter upon the transaction of $1,241.69. After this property had been in the defendants' custody for a certain period of time, Stout obtained the same upon the representation that the plaintiff had made a call for it. A check, purporting to bear the plaintiff's indorsement, in the amount owing upon this transaction as above stated, was presented to the firm by Stout, and the stock was delivered to him with instructions to deliver it to the plaintiff. This indorsement was in fact a forgery, and the means whereby Stout obtained possession of the stock were fraudulent as against the defendants. Subsequently the said Stout disposed of the stock, and applied the proceeds to his own purposes. The referee gave judgment for the plaintiff, and the defendants have taken this appeal; our attention being directed, by the points relied upon, to the correctness of the conclusion reached, in view of the finding of fact that the agency of Stout in this particular transaction had its foundation upon his fraud as practiced upon the defendants.

The recovery rests, not upon any question as to the degree of care which was required of the defendants in the performance of their duty to the plaintiff with its correlative responsibility for negligence, but proceeds upon the theory that the act of Stout in exercising unwarranted dominion over the property in question was attributable to the defendants as his principals. The referee has found that no negligence existed in the appointment and continued employment of Stout by the defendants, so consideration as to the duty of preserving the property, which existed by reason of the nature of the contract, is unnecessary. In an action of trover it is not, as in assumpsit, the omission which forms the gravamen; it is the act (Willard v. Bridge, 4 Barb. 361); and, when such act may be established, a bailee, whether for reward or not, is liable for the conversion of the property bailed (Esmay v. Fanning, 9 Barb. 189). Bearing this distinction in mind, it is apparent that the rule of liability for the theft of a servant in the bailee's employ, as laid down in Foster v. Bank, 17 Mass. 479, and similar cases in assumpsit, is not to serve as a criterion in such an action as the present. The determination of the learned referee was that under their contract the defendants had assumed the duty of delivering this stock to the plaintiff, and, for the purpose of fulfilling their duty, authority was by them delegated to their agent. Therefore, a violation by this agent of the principals' duty so assumed and delegated is attributable to the principals as their act. The obvious

soundness of this proposition of law is not open to question.  See Story, Ag. (9th Ed.) § 455; Quinn v. Power, 87 N. Y. 535; Stewart v Railroad Co., 90 N. Y. 588.  But it is contended that, by reason of the misrepresentations of Stout in procuring his agency in this particular transaction, the defendants are not chargeable.  This, however, would be a question in no way affecting the plaintiff, but would rest solely between Stout and his employers; and that liability may be avoided by the principal in such a case was distinctly negatived in Caswell v. Putnam, 41 Hun, 521.  There can be no question, upon the evidence, that Stout acted throughout in the capacity of agent to the defendants, and that he was at no time the agent of the plaintiff.  In view of the authorities, we are not able to hold that the measure of damages adopted by the referee was unauthorized (Wright v. Bank, 110 N. Y. 237, 18 N. E. 79); and, upon the undisputed evidence that the defendants had no stock of the same character subsequent to the conversion, the conclusion that the plaintiff's cause of action was complete when such conversion took place, without a demand, rests upon unquestioned authority (Ganley v. Bank, 98 N. Y. 487, 493 and cases cited).  The judgment must be affirmed, with costs.  All concur.