(14 Misc. Rep. 322.)

CANDA et al. v. CASEY.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

PRINCIPAL AND AGENT—RATIFICATION OF CONTRACT BY AGENT.

    An agent for the sale of plaintiff's building materials offered to supply defendant at specified prices, provided that defendant would agree to take all the materials required in the construction of certain houses. Afterwards the agent informed defendant that plaintiffs would only make the contract provided defendant would accept it in writing, but defendant refused to make any but an oral contract. On the agent's assurance that defendant would sign the contract, plaintiffs delivered some of the materials. Afterwards plaintiffs demanded a written acceptance of the contract by defendant, which he refused, and thereupon plaintiffs declined to make further deliveries. Held, that the knowledge of the agent of defendant's refusal to enter into a written contract was imputable to plaintiffs, and the delivery of the materials indicated an intention on the plaintiffs' part to accede to defendant's proposition that the contract should be oral, though the agent had no authority to make an oral contract.

Appeal from judgment on report of referee.

Action by John M. Canda and John P. Kane against John Casey on a quantum valebat for building material sold and delivered. Defendant interposed a counterclaim for damages for breach by plaintiff of an alleged express contract for the sale and delivery of such building material. There was a judgment in favor of plaintiffs, and defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

E. H. Benn, for appellant.

J. Woolsey Shepard, for respondents.

BISCHOFF, J. The complaint was upon a quantum valebat for certain building material, consisting of brick, lime, and cement, which was alleged to have been sold and delivered to the defendant; and the answer denied both the quantity and value of such material. For a further defense it was asserted that the delivery made was in furtherance of an express contract, which fixed the prices and terms of payment, and whereby the plaintiffs undertook to supply and sell, and the defendant assumed to receive and purchase, all the brick, lime, and cement necessary for the construction of certain houses on West Eighty-Eighth street, in the city of New York; and that the plaintiffs had failed to complete their performance of such contract. By way of counterclaim, also, the defendant demanded damages which he alleged had resulted to him from the plaintiffs' aforesaid breach of contract. The referee found that no such express contract was entered into, and dismissed the counterclaim, besides awarding the plaintiffs a recovery in the full amount of their claim. Such disposition of the cause appears from the referee's decision to have resulted from the absence of the authority of the plaintiffs' agent to make the contract contended for by the defendant. It was conceded upon the trial that one R. A. Matthews was the plaintiffs' salesman, and that he conducted the negotiations with the defendant for the supply of such building material. Matthews, as a witness for the plaintiffs, testified that, acting for his employers, he offered to supply the defendant with brick, lime, and cement at specified prices, provided the latter would agree to take all such material as would be required in the construction of the houses alluded to from the plaintiffs; that the defendant promised to consider the proposition, and did not at once accede to it; that on August 22, 1892, the witness called upon the defendant to inquire with regard to the latter's acceptance, and at that time informed him that the plaintiffs would only make the contract provided the defendant would accept it in writing, to that end handing the defendant counterparts of a proposed written contract,—the one containing the plaintiffs' proposition having been signed by the witness in the plaintiffs' behalf, the other, containing the acceptance, to be signed and returned by the defendant; that the defendant, some days later, refused to make any but an oral contract; that upon the witness' assurances to the plaintiffs that the defendant would sign the acceptance they assented to the subsequent delivery of material to the defendant,

and that the defendant persisted in his refusal to sign the acceptance. From the testimony of John P. Kane, one of the plaintiffs, it appeared that on September 21st they finally demanded such written acceptance of the defendant, and, upon the latter's refusal, discontinued delivery of the material. The express contract pleaded by him was predicated by the defendant of the submission of the proposed written contract, his refusal to accept such contract in writing, and the subsequent delivery and acceptance of material; and the damages were claimed to have resulted from the purchase of brick at advanced market prices after the plaintiffs had refused to continue their supply. The contract in question involved the sale of material exceeding $50 in value.

As a rule, an agent employed to sell has implied or apparent authority to conclude his principal by contract within the scope of his employment. Haydock v. Stow, 40 N. Y. 368, 369; Stirn v. Hoffman House Co., 8 Misc. Rep. 246, 249, 28 N. Y. Supp. 724. Here, however, before any oral contract with the agent was concluded and had become operative by performance in part (3 Rev. St. [Banks & Bros.' 7th Ed.] p. 2328, § 3; Jackson v. Tupper, 101 N. Y. 515, 5 N. E. 65), the defendant had express notice that Matthews' authority, in the instance, at least, of a contract with the former, was restricted to the making of a contract upon the defendant's acceptance in writing. Such notice precluded the defendant from asserting a contract with the plaintiffs, made through the instrumentality of their agent, and with reliance upon the latter's otherwise implied or apparent authority. Frankfurter v. Insurance Co., 10 Misc. Rep. 157, 160, 31 N. Y. Supp. 3. Obviously, an agent cannot, upon any proper theory of a waiver of his principal's instructions, arrogate to himself authority not conferred. But, while we concur in the view of the referee that Matthews was without authority to make an oral contract for the plaintiffs, the facts presented a ratification by the latter of Matthews' assent to such a contract. Notice to Matthews of the defendant's refusal to enter into a written contract was in the course of the former's employment, and therefore imputable to the plaintiffs (1 Am. & Eng. Enc. Law, 419, etc.; note to Trentor v. Pothen [Minn.] 24 Am. St. Rep. 228, [49 N. W. 129]); and the delivery of material, with knowledge of the facts and circumstances (Craighead v. Peterson, 72 N. Y. 279; Ritch v. Smith, 82 N. Y. 627) on the plaintiffs' part, served to indicate their intention to accede to the defendant's proposition that the contract should be an oral one. As already stated, delivery and acceptance in part dispenses with the need of a note or memorandum in writing to render the oral contract binding. Jackson v. Tupper, supra. It may be that the plaintiffs were deceived by Matthews, and that they were induced, as appeared from Kane's testimony, to deliver the material sued for without first having secured the defendant's written acceptance of their proposition by their salesman's representations that the defendant had promised to and would so accept; but, even so, it did not appear that the defendant, at the time of the delivery, knew of the misconduct of the plaintiffs' agent and employé in the respect alluded to, or that

he at any time connived at it. Such salesman's misconduct towards his employers cannot, therefore, be visited upon the defendant, who, with reliance upon the plaintiffs' apparent assent to supply him with material without insisting upon a written acceptance of their proposition, may have abstained from seeking such supply elsewhere before the market value of such material had advanced. Briggs v. Jones, 8 Misc. Rep. 261, 263, 28 N. Y. Supp. 709. The contract established by the defendant being a divisible one, the plaintiffs were entitled to recover for their part performance (Tipton v. Feitner, 20 N. Y. 423; Dowley v. Schiffer [Com. Pl.] 13 N. Y. Supp. 552); but it was error to dismiss the counterclaim, the breach appearing from the conceded facts.

Judgment reversed, reference discharged, and new trial ordered, with costs to the appellant to abide the event.

BOOKSTAVER, J., concurs.

PRYOR, J. My conviction is that the case was well determined by the learned referee, and I am for affirming the judgment.