(19 Misc. Rep. 46.)

### RANOUS v. HUGHES.

(Supreme Court, Appellate Term, First Department. December 28, 1896.)

1. CONVERSION—NECESSITY OF DEMAND.
    No demand is necessary, to support an action for conversion, where defendant, prior to the action, sold the property alleged to have been converted.
2. CUSTOMS AND USAGES—BOOKS SENT REVIEWERS.
    A custom, whereby books sent by publishers to literary critics for purposes of review become the property of the critics, does not apply to books of reference sent by a publisher to one under contract with him to write certain articles.

Appeal from Eighth district court.

Action by George E. Ranous against Thomas P. Hughes for conversion. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

John T. Booth, for appellant.

J. Harry Hull, for respondent.

BISCHOFF, J.    The action is for the conversion of certain sets of books, and judgment was rendered in favor of the defendant upon the following state of facts: One Edwin B. Hall, plaintiff's assignor, entered into a contract with the defendant, a clergyman who engaged in somewhat general literary work, whereby the latter was to write three articles, treating of fiction, at an agreed price of $10 for each. After the matter of price had been agreed upon, Hall offered to send some books of fiction to the defendant, apparently for the purpose of reference. His testimony was:

"He [defendant] was to write an article, and stated that it would be better for him to have the books, so that he could say he had seen them. I told him I would send over a couple of sets of books for that purpose."

Again:

"The article was to show the use of fiction. I asked him the price, and he said the price was $10. He said his regular fee was $10 a column, or 1,000 words. That was agreed specifically. He said it would be much better if he could see the books. I said: 'If it will help, I will send you a copy for that purpose.' There was no intimation, in any possible way, that it should be any consideration at all."

The defendant did not contradict this account of the conversation, testifying, in this regard:

"I was to be paid $10 for each article. He said he would send me the books."

And nowhere in the record does anything appear upon which Hall's intention to make a gift of the books could be predicated.

That these books were Hall's property, and that they were received by the defendant, is not disputed; nor is there any question as to the disposal made of them by the defendant. It is admitted that he sold one set to a dealer for $25, and gave over the other set to a member of his family in satisfaction of a debt. Thus, in view of his not having possession of the property, nor ability to restore it specifically, a demand before suit was not necessary. Briggs v. Jones, 8 Misc. Rep. 261, 28 N. Y. Supp. 709, affirmed 149 N. Y. 577, 43 N. E. 986. But the record contains some evidence of a demand.

The delivery of these books not having formed a part of the agreed consideration under the contract, and there being no proof that they were received as a gift, the defendant's case was based upon a custom, shown by the evidence, whereby books sent by authors or publishers to literary critics, or composers, for purposes of review, become the property of the latter, as matter of convention and usage; and it had been the defendant's habit, in the course of extended reviewing work, to treat all books sent to him as his property,—as gifts incidental to his occupation. Unfortunately for his defense to the plaintiff's claim, his ownership of these particular books, while reconcilable to his private custom, did not follow from any pro-

fessional usage which impliedly formed a part of his contract with Hall, so far as the evidence shows. This contract called for articles upon fiction generally, and in no way involved a review of any one or more of the books, as that term is understood. Hall had suggested sending them as matter for reference, but the articles were not necessarily to be founded upon these works, nor was their perusal essential. As the defendant himself states, in one of his letters placed in evidence:

"I certainly did not ask Mr. Hall to send those books, nor were they necessary for the preparation of the articles which I undertook to write."

It is impossible to construe the contract as one for a review of books, and hence the custom in question was immaterial; and, failing any other evidence in support of the defendant's ownership of them, his disposal of the books as though his property was tortious, and the cause of action was established.

A point might be made, although the respondent's counsel does not attempt to support the judgment upon this ground, that the justice's determination proceeded upon the allowance of the defendant's counterclaim for $30, while granting that the conversion had been proven. The counterclaim was for the agreed price of the three articles, one only of which was completed, and this had not been accepted by Hall. Assuming that the contract was in its nature entire, and that Hall was in default, still a finding that this counterclaim exactly met the amount of the plaintiff's proper recovery would not have been secundum allegata et probata (Fuld v. Kahn, 4 Misc. Rep. 600, 24 N. Y. Supp. 573), since, taking the defendant's evidence as to the value of these books, they were worth only $25. The two sets in suit comprised 11 volumes, and it appears that one of these sets, that given by the defendant to his relative, was incomplete, and so was not worth the full price of $11.50 per volume, as charged by the publishers. The defendant's experts gave the incredible testimony that this set, because incomplete, had absolutely no value; and therefore, according to the evidence for the defense, the plaintiff's claim could not have exceeded $25, the reasonable value of the set sold by defendant, as testified to.

In this respect, the judgment for the defendant, if based upon the counterclaim, would have exceeded the plaintiff's demand by $5; and, if the only other evidence of value in the case (that of the publisher's price) was credited, the plaintiff would necessarily have recovered a considerable sum in excess of the counterclaim. Therefore we can only assume that the justice reached his conclusion in favor of the defendant, but for no affirmative judgment against the plaintiff, through the disallowance of the counterclaim, and giving support to the defense based upon the custom above alluded to. Moreover, as the question of the value of this incomplete set was material, reversible error is apparent from the exclusion of proof of that value, under due exception, when sought to be adduced upon the part of the plaintiff; and a new trial must result in any aspect of the case.

Judgment reversed, and new trial ordered, with costs to appellant. to abide the event. All concur.