DALLAVO *v.* RICHARDSON.

1. SALE OF GOODS—STATUTE OF FRAUDS—PART PAYMENT.

The part payment required by 3 Comp. Laws, § 9516, to make a verbal contract for the sale of goods for more than $50 valid, may be made at a subsequent time, if it is intended to be received as part payment upon the contract price.

2. SAME—RENDERING BILL—ESTOPPEL.

Where plaintiff purchased railroad ties of defendant, and afterwards sold him a shingle mill to apply as part payment for the ties, the fact that plaintiff's wife subsequently sent a bill for the mill to defendant did not estop plaintiff from claiming that the mill was a part payment on the price of the ties, so as to take the contract out of the operation of the statute of frauds.

Error to Mecosta; Palmer, J. Submitted June 4, 1903. (Docket No. 30.) Decided July 14, 1903.

Replevin by John Dallavo against John Richardson and Archie Foster, copartners as Richardson & Foster. From a judgment for plaintiff, defendants bring error. Affirmed.

*M. Brown* (*George E. Nichols*, of counsel), for appellants.

*A. B. Cogger* (*A. Broomfield*, of counsel), for appellee.

MONTGOMERY, J. This is an action of replevin for a quantity of ties numbering some 3,400. The plaintiff recovered, and the defendants bring error.

The question presented to the court below was whether the plaintiff had purchased of the defendants the ties in question. It was the plaintiff's theory that the ties had been purchased, sufficiently identified, an inspector agreed upon, a portion of the purchase price paid, and the balance tendered. The plaintiff's testimony tended to show that

the bargain for the ties was made on the 26th of August, 1900, and was oral; that in September or October, 1900, he sold the defendants a shingle mill, plaintiff's version of that transaction being as follows:

"I let defendants have part of a shingle mill in September or October, 1900. My wife has got it down. That was at Wyman. Mr. Richardson came after it. He had Mr. Farrell and Mr. Washman with him. There were two or three men with him. My oldest son helped load up the machinery, and the last piece was a shingle belt I had in the store. We went in the store, me and Mr. Richardson, and Mr. Washman stood on the platform. Farrell was out in the road in front of the store with the team and with a load; and I gave the shingle belt to Mr. Richardson, and he turned around and said, 'How are you going to get your pay for this bill?' And I said: 'I don't need the money just now. You had bad luck with that mill down there. Apply it on the ties.' And he said, 'All right.' The price agreed upon for the shingle-mill machinery was $150. I let Mr. Richardson have some Babbitt, and also did some team work for him. The Babbitt and team work amounted to $5. He took the machinery and went away."

On the 26th of November a letter was sent to the defendants in the name of plaintiff, demanding payment for this shingle mill, and $5 for team work and Babbitt. This letter was sent by plaintiff's wife, who testified that, at the time she sent it, the fact that the price of the shingle mill was to be applied on the ties had escaped her recollection.

The circuit judge submitted the question to the jury as to whether there had been a completed sale of this property. It is contended in this court that the evidence did not warrant the submission of this question to the jury; the principal contention being that the contract was void under the statute of frauds. Undoubtedly, it was so in its inception, but under our statute (section 9516, 3 Comp. Laws), if a part payment be made at any time when it is intended by the parties to be received as a payment upon the contract price, it is sufficient to take the case out of

the statute. In this respect our statute differs from the statute of New York, in that the earnest or part payment is required by the New York statute to be made *at the time* the contract is entered into. Our statute contains no such provision. In such case, if a payment be made and accepted as a payment upon the oral contract, it is sufficient to constitute a part payment under the statute, if it be shown to be accepted with reference to such previous contract. Wood, Stat. Fr. § 294; *Gault* v. *Brown,* 48 N. H. 183 (2 Am. Rep. 210); *Whitwell* v. *Wyer,* 11 Mass. 6; *Thompson* v. *Alger,* 12 Metc. (Mass.) 428. In the present case the circuit judge distinctly charged the jury that, unless the shingle mill and teaming were accepted by the defendants as part payment on the purchase price of the ties, there was no sale of the ties which the law would recognize.

Counsel for the defendants refer to the case of *Gorman* v. *Brossard,* 120 Mich. 611 (79 N. W. 903), and claim that that case is decisive of the present. But that case presented a very different question. There there was no delivery, and no payment, except as it was claimed that an agreement to discharge a pre-existing debt would constitute such payment. The effort is made to liken that case to this in this: That, in as much as the shingle mill was loaded on the wagon of the defendants before the agreement to apply the purchase price on the ties was made, the effect of the agreement was simply to discharge a debt; but it cannot be held that the title to this machinery had passed to the defendants until the arrangement for the payment of the purchase price had been made between the parties. It was still within the control of the plaintiff, and the first contract for payment was made at the time the agreement was made to apply it upon the purchase price of the ties.

It is further contended that the plaintiff is estopped from now asserting his purchase, because of the fact that a bill was rendered to defendants for the shingle mill, etc. We do not, however, find that the defendants were misled

by this fact, or that their position was materially changed by reason of this error on the part of the plaintiff's wife.

There was a fair case for the jury, well submitted, and the judgment should be affirmed.

The other Justices concurred.