FRED A. GORDEN and JAMES BARRETT, Trading as F. A. GORDEN & COMPANY, Appellants, *v.* HENRY WITTY and SAMUEL WITTY, Trading as WITTY BROTHERS, Respondents.

First Department, November 4, 1921.

Sales — action for balance due on purchase price of goods — defenses — Statute of Frauds — demurrer to defense of Statute of Frauds sustained where complaint alleged sale, delivery and part payment — acceptance, receipt or part payment need not be contemporaneous with making of contract — oral promise to answer for debt of another — defense bad where complaint alleges sale to defendants and delivery to third person for defendants.

In an action to recover the balance due on the purchase price of the sale of certain goods where the complaint alleges a sale, delivery to the person to whom defendant directed the goods to be delivered, constituting

acceptance by the defendant, and part payment of the purchase price, the defense of the Statute of Frauds that the contract was not in writing and that the defendants did not " at the time of the alleged sale " accept or receive any part of the goods and did not " at the said time " pay any part of the purchase price is insufficient, since under section 85 of the Personal Property Law neither acceptance, receipt nor part payment need be contemporaneous with the making of the contract, but may occur at any time thereafter, if under the contract and prior to its revocation.

Defense that the promise was to answer for the debt of another person is demurrable where the complaint alleges a sale to the defendants and delivery to a third person but does not contain allegation that the third person is to pay for the goods or that any debt arose from the third person to the plaintiff.

APPEAL by the plaintiffs, Fred A. Gorden and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of May, 1921, overruling a demurrer brought on as a contested motion, and granting leave to reply.

*George Trosk* of counsel [*Allen R. Memhard*, attorney], for the appellants.

*Max Schleimer* of counsel [*Stone & Schleimer*, attorneys], for the respondents.

PAGE, J.:

The action was brought to recover the balance due on the purchase price of the sale of certain goods of the reasonable value of $26,955.20, which were delivered in accordance with the defendants' instructions to a corporation, and it is alleged that the defendants had paid on account of the purchase price of said merchandise the sum of $17,351.54. The answer sets up as a first defense:

" III. That the alleged agreement set forth in the complaint herein was for the sale of goods for the price of more than $50 as stated therein; that neither said agreement, nor any note or memorandum thereof was ever made in writing and subscribed by the defendants, who are sought to be charged thereby, or by their lawful agent; nor did the defend-

ants *at the time of the alleged sale*, accept or receive any part of such goods; nor did the defendants, *at the said time,* pay any part of the purchase money for said goods."

The plaintiffs demurred to this defense on the ground that it was insufficient in law on the face thereof. The alleged insufficiency is occasioned by the italicised words of limitation. The defense is made in the exact language of a defense held to be sufficient in *R. & L. Co.* v. *Metz* (219 N. Y. 556, affg. 175 App. Div. 276). The question, however, involved in the *Metz* case was whether the contract was one for the sale of goods and, therefore, must be in writing. There was no question in the case of a delivery, acceptance or part payment. In my opinion, that case cannot be held to sustain a defense that at the time of the alleged sale the defendant must have accepted or received a part of the said goods, or at that time have made a part payment, in order to render the contract enforcible.

Under the Statute of Frauds of this State prior to the passage of the Sales of Goods Act (Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571), a delivery and acceptance of any part of the goods at any time prior or subsequent to the making of the oral agreement were sufficient to remove the prohibition of the statute. (*Thedford* v. *Herbert,* 195 N. Y. 63, 68, 69.) The New York statute at that time did provide that the part payment must be " at the time " of the making of the agreement. (See Pers. Prop. Law [Gen. Laws, chap. 47; Laws of 1897, chap. 417], § 21, subd. 6; re-enacted by Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 31, subd. 6; repealed in part by Laws of 1911, chap. 571, § 2.)

" Under the English statute and similar American statutes, (including the Sales Act) it makes no difference when the payment is made with reference to the oral bargain." (Williston Sales, 109.) The Legislature has enacted the uniform Sales of Goods Act as the law of this State. The Statute of Frauds embodied in section 85 of that act reads as follows:

" 1. A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to

bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

It will be noted that the requirement for part payment to be made at the time is omitted, thus changing the law of this State and making it accord with the rule of the English statute. (See 29 Charles II, chap. 3, § 17.) In my opinion, it is now the law of this State that neither acceptance, receipt nor part payment need be contemporaneous with the making of the contract, but may occur at any time thereafter, if under the contract and prior to its revocation. Therefore, it would seem that the limiting words italicised in the defense rendered it insufficient in law, inasmuch as the complaint alleges a sale, delivery to the person to whom the defendants directed the goods to be delivered, which would constitute acceptance by the defendants, and part payment of nearly two-thirds of the purchase price. I am of opinion that we should declare the defense to be insufficient and sustain the demurrer.

There is a second defense in the answer:

" IV. That the promise in the complaint alleged, if any such promise was made, is a special promise by the defendants to answer for the debt of another person, to wit, the Spengold Woolen Company, in said complaint mentioned.

" V. That such promise was not, or was any note or memorandum thereof, made in writing, or subscribed by the defendants or by their lawful agent."

This defense was also demurred to for insufficiency. This defense is clearly bad. The complaint does not allege a promise by the defendants to answer for the debt of another person. (See Pers. Prop. Law, § 31, subd. 2.) The complaint alleges the sale to the defendants and a delivery of the goods to the third person, but there is no allegation that the third person is to pay for the goods or that any debt arose from the third person to this plaintiff. It is simply the case of a sale of goods to one party where he directs the delivery of the goods to another party to whom he has sold them. The debt, however, for the purchase price remains the debt of the first purchaser.

The demurrer should be sustained to both defenses. The order will be reversed, with ten dollars costs and disbursements,

and the demurrers to the first and second defenses sustained, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.