CHARLES E. WIDMEYER, Plaintiff, *v.* LAWRENCE CRANE, Individually and Doing Business under the Name and Style " MORRIS & CRANE," Defendant.

Supreme Court, Lewis County, July, 1923.

Contracts — Statute of Frauds — oral contract of sale made over the telephone — subsequent payment and acceptance of part of purchase price takes transaction out of the Statute of Frauds — pleading — Civ. Prac. Act, § 242.

The Statute of Frauds to be available as a defense must be pleaded and a failure to do so waives its requirements.

A complaint alleged that a contract for the purchase by plaintiff of certain corporate stock from defendant at a specified price per share was induced by false and fraudulent representations on the part of the defendant and judgment was asked for a rescission of the sale and for the sum of fifty dollars paid by plaintiff on account of the purchase price. The answer, admitting the making of the agreement and said payment, denied the other allegations of the com-

plaint and set up a counterclaim for the unpaid balance of the purchase price of the stock which was never delivered or accepted and asked for an affirmative judgment thereon. A reply denying the allegations of the counterclaim was served. The trial judge found as a fact that the contract was made over the telephone several days prior to the payment of the fifty dollars, but there was no evidence to warrant a finding that there was any fraudulent representation made by defendant either when the contract was actually made or at the time of the alleged payment. *Held*, that plaintiff's right to recover depended upon whether the contract was enforcible.

Under section 242 of the Civil Practice Act a party by his pleadings must raise all matters which show that the transaction in suit is either void or voidable in point of law, and all grounds which if not raised would be likely to take the opposite party by surprise, including facts showing illegality on account of the Statute of Frauds, must be pleaded before the plaintiff can take advantage of the statutes in order to avoid his contract.

Had the Statute of Frauds been pleaded it would not have availed the plaintiff because unless the payment of the fifty dollars, conceded by plaintiff to have been made upon the purchase price, was induced by fraud, of which there was no proof, the contract was enforcible, for under section 85 of the Personal Property Law such payment, whether made before or after the contract was consummated, took it out of the Statute of Frauds, and the complaint will be dismissed and defendant awarded judgment on its counterclaim, with costs.

ACTION to set aside contract for purchase of stock and to recover amount paid thereon.

*Kilby, Norris & Smith*, for plaintiff.

*Tyminski & Lichtenberg*, for defendant.

EDGCOMB, J. This action was tried before Judge Alverson a few days before he was stricken with his fatal illness. Consequently the case was never decided. A stipulation was entered into submitting the action to me for decision upon the record before my late associate.

The complaint alleges that on or about the 25th day of April, 1922, the plaintiff contracted with the defendant to buy 2,000 shares of the capital stock of the Interstate Producing Corporation at fifteen cents per share, and that such contract was induced by false and fraudulent representations of the defendant. P ntiff asks judgment rescinding the sale because of the alleged false and fraudulent statements and for the amount which he paid on the contract. After admitting the making of the agreement and the payment of the fifty dollars and denying the other allegations of the complaint, the answer sets up a counterclaim for the unpaid portion of the purchase price of the stock, and asks for an affirmative judgment therefor. A reply was served denying the allegations of the counterclaim, with the exception of the payment of said fifty dollars. These are the issues raised by the pleadings.

Upon the trial it developed that several days prior to April 25, 1922, plaintiff had a telephone conversation with defendant relative

to the purchase of this stock. Plaintiff testified that he gave no order and did not buy the security at that time. Defendant denies this; he says that the contract was made over the telephone and that he immediately bought these shares for the plaintiff, although they were not delivered or paid for. Plaintiff wrote the defendant on April twenty-fourth and asked to be relieved from his obligation to complete the sale. Thereafter and on the twenty-fifth day of April a representative of the defendant called upon the plaintiff at his home in Beaver Falls, and had a talk with him in regard to taking and paying for this stock, and the plaintiff then and there paid fifty dollars to apply on the purchase price thereof. It will be noted that the plaintiff claimed upon the trial and in his complaint that the sale was not consummated over the telephone, and was not made until the twenty-fifth of April, when the defendant's representative called upon him at his home and when he paid the fifty dollars to apply on the purchase price of the stock. The record shows that at the close of the evidence Judge Alverson stated that there was no question in his mind but what the plaintiff actually bought the stock over the telephone. I do not see how any other conclusion could be drawn from the evidence, and I have no hesitancy in so finding. In fact plaintiff urges in his brief, as an additional ground upon which he seeks to recover, that the contract is void under the Statute of Frauds, because it is not in writing, and the fifty dollars was not paid at the time the contract was made, but several days thereafter, and that, therefore, such payment did not take the transaction out of the Statute of Frauds.

Plaintiff's claim as to false and fraudulent representations pertains very largely to what took place on April twenty-fifth, when the fifty dollars was paid. There is no evidence which would warrant a finding that there were any fraudulent representations made in the talk over the telephone when the contract itself was actually made. Therefore, plaintiff's right to recover depends upon whether the contract is enforcible because it was oral instead of being reduced to writing. Incidentally the question of whether the fifty dollars payment was induced by fraud comes up, but that is only important upon the subject of whether this payment takes the case out of the Statute of Frauds.

Section 85 of the Personal Property Law, provides that "A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receives the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or

sale be signed by the party to be charged or his agent in that behalf."

Concededly this was an oral contract, and the stock was never delivered or accepted, and no part of the purchase price was paid, except the fifty dollars paid on April 25, 1922. Plaintiff now urges that such payment did not take the contract out of the Statute of Frauds, because it was not paid at the time the contract was made. If plaintiff's original theory is correct and this contract was made on April twenty-fifth, the very day it is conceded the fifty dollars was paid, he would not be in a position to raise the question which he is here seeking to urge. It is quite apparent that it was not until Judge Alverson made the statement at the end of the trial that this stock was bought over the telephone, and prior to the time when the payment was made, that the question of the Statute of Frauds was injected into the case. The first difficulty with plaintiff's present contention is that he did not plead the statute. He failed, either directly or indirectly, to mention it in either his complaint or reply. So far as appears by his pleadings the only ground upon which he seeks to set aside the contract is that it was induced by fraud. Section 242 of the Civil Practice Act requires a party to raise by his pleadings all matters which show that the transaction in question is either void or voidable in point of law, and all grounds which, if not raised, would be likely to take the opposite party by surprise, including facts showing illegality on account of the Statute of Frauds. This section is new. While it is possible that it may be somewhat puzzling, and may produce some confusion, it seems clear to me that under its provisions the plaintiff must plead the Statute of Frauds before he can take advantage of it, and thus avoid the contract. Under the old practice I think that by plaintiff's failure to plead this statute he waived its requirements. The act does not prohibit the making of an oral contract in relation to choses in action of the value of fifty dollars or over. It simply creates a new defense, and introduces a new rule of evidence, namely, it requires that the contract must be proven by writing. If a party desires to avail himself of the statute he must plead it. If he fails so to do, he waives its provisions. *Crane* v. *Powell*, 139 N. Y. 379; *Dearing* v. *McKinnon Dash & Hardware Co.*, 165 id. 78, 91; *Matthews* v. *Matthews*, 154 id. 288; *Bayles* v. *Strong*, 104 App. Div. 153.

Even if the act had been pleaded I do not think it would have availed plaintiff, because as I view the law, the payment of this fifty dollars, unless it was induced by fraud, makes the contract enforcible. Plaintiff concedes that the payment was to apply upon the purchase of the stock in question, but he urges that it

was made after the contract was consummated, and that a payment of a portion of the purchase price of goods does not take an agreement out of the Statute of Frauds unless it was made at the time the contract was made, except when the parties, when the payment is made, meet for the express purpose of complying with the statute and making the contract valid by such payment, or where they substantially reaffirm or renew the terms of the contract so that there is a meeting of the minds and a ratification of the contract. Plaintiff cites as authority for his contention *Jackson* v. *Tupper,* 101 N. Y. 515; *Hunter* v. *Wetsell,* 84 id. 549; *Young* v. *Ingalsbe,* 208 id. 503. There is no doubt but that, under the statute as it formerly stood, such was the rule. The Personal Property Law, as first enacted, was passed in 1897, and constituted chapter 47 of the General Laws. Section 21 of that act specified the agreements which were required to be in writing. Subdivision 6 of that section included sales of goods, chattels or things in action for the price of fifty dollars or more where the buyer did not accept or receive part of the goods or where " *at the time* " payment of a part of the purchase price was not made. In 1909, when the Consolidated Laws were adopted, the Personal Property Law was re-enacted in substantially the same form, and became chapter 41 of the Consolidated Laws. The only change in section 21 of the old law was its number; it became section 31 of the new law. The Personal Property Law was again amended by chapter 571 of the Laws of 1911, and article 5, as it now appears, was added. This article includes section 85. The 1st paragraph of subdivision 6 of section 31, of the old law, which is the provision here under discussion, was repealed, because its provisions were contained in substantially the same form in section 85, which we have before quoted in full. It will be noted that the words " at the time " found in the former act are omitted in the present law. There is nothing in the present statute which specifies when a part payment of the purchase price must be made to entitle an oral contract to be enforcible. To my mind the omission is significant and clearly indicates an intention to change the statute as it formerly existed, and to make a part payment of the purchase price of the property, no matter when made, an act which will take the contract out of the Statute of Frauds. That is the old English law. It is the law in other states which have statutes similar to our present statute. In *Dallavo* v. *Richardson,* 134 Mich. 226, it was held that part payment made at any time, if intended by the parties to apply upon the contract price, is sufficient to take the case out of the statute. It was pointed out in that case that the Michigan statute differed from that in New York state in that the earnest money or part payment

required by our statute to be made at the time the contract is entered into did not form a part of the statute of that state. The cases cited by plaintiff, and above cited, all arose before the amendment of 1911, and for that reason are not in my opinion controlling here.

Judge Page, in *Gorden* v. *Witty*, 198 App. Div. 333, 336, says: " In my opinion, it is now the law of this State that neither acceptance, receipt nor part payment need be contemporaneous with the making of the contract, but may occur at any time thereafter, if under the contract and prior to its revocation."

Therefore, I think that it is immaterial when this payment of fifty dollars was made, or whether the parties met for the express purpose of complying with the statute, or whether they substantially reaffirmed and renewed the terms of the contract.

That only leaves for discussion the question whether this payment was induced by false and fraudulent representations of the defendant or his agent. I think that question must be answered in the negative. The fraud upon which the plaintiff relies consists of an alleged false statement of the price at which the stock was selling, and that there was a dividend of forty dollars at the office of the defendant, which would, if the plaintiff made the payment, be forwarded to him. This is denied by the defendant. Concededly this was a dividend-paying stock. Only a short time before plaintiff received a dividend upon other stock of this company which he owned. Soon after the telephone conversation he sought to be relieved of his obligation, and wrote several letters to the plaintiff in relation thereto, one on April 24, and the other on May 16, 1922. He did not mention the fact that he had not received the forty dollars, and made no suggestion that any fraud had been practiced upon him. He sought to be relieved from the binding effect of his contract only because he had pressing obligations and could ill afford to spare the money to pay for the stock. He asked as a favor to be released from his agreement. Fraud must be proved. It cannot be surmised. In the light of all the evidence I am unwilling to find that there was any fraud practiced upon the defendant.

If I am right in the above conclusions, plaintiff's complaint must be dismissed, and defendant is entitled to recover upon his counterclaim the sum of $190 and interest thereon, from May 19, 1922, with costs. Judgment is directed accordingly. Findings may be prepared, and if not agreed upon may be submitted to me for settlement upon two days notice.

Judgment accordingly.